

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-1997

# Sherwood v. Mulvihill

Precedential or Non-Precedential:

Docket 96-5236

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Sherwood v. Mulvihill" (1997). *1997 Decisions.* Paper 109.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 15, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-5236

GEORGE SHERWOOD,

Appellant

v.

JAMES F. MULVIHILL, ASS'T PROSECUTOR; EDWARD
BORDEN, PROSECUTOR; RONALD BAKLEY, DETECTIVE;
JAMES BARNUM, CHIEF; JOHN DOE

JAMES F. MULVIHILL,

Defendant/Third-Party Plaintiff

v.

CAMDEN COUNTY PROSECUTOR,

Third-Party Defendant

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 92-cv-03856)

Submitted Under Third Circuit LAR 34.1(a)
January 15, 1997

Before: SLOVITER, Chief Judge, SCIRICA and SEITZ,
Circuit Judges.

Filed: May 15, 1997

George Sherwood (Pro Se)
#234421
Southern State Correctional Facility
P.O. Box 150
Delmont, New Jersey 08314

Angela J. Washington, Esq.
Office of Camden County Counsel
520 Market Street
14th Floor, Courthouse
Camden, New Jersey 08101

Attorney for Appellee,
Edward Borden

Anthony J. Fusco, Jr., Esq.
150 Passaic Avenue
P.O. Box 838
Passaic, New Jersey 07055

Attorney for Appellee,
Ronald Bakley

Marc I. Bressman, Esq.
Budd, Larner, Gross, Rosenbaum,
Greenberg & Sade
200 Lake Drive East
Woodland Falls Corporate Park
Suite 100
Cherry Hill, New Jersey 08002

Attorney for Appellee,
James Barnum

**OPINION OF THE COURT**

**SEITZ,** Circuit Judge.

In this section 1983 action, we confront, once again, the fallout from the drug scourge afflicting our society.

George Sherwood ("Plaintiff ") appeals from an order of the district court granting the motions of Defendants,

2

Ronald Bakley and James Barnum ("Defendants"), for summary judgment. Plaintiff sought relief against Defendants for allegedly violating his fourth and fourteenth amendment rights by falsifying an affidavit used to obtain a warrant to search Plaintiff's residence. The district court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary.

I.

The following facts are undisputed. A confidential informant ("informant") whose past tips led to several drug-related arrests, informed Defendant Barnum, chief of police in Franklin Township, New Jersey, that Plaintiff was selling methamphetamine from his residence. The informant told Defendant Barnum that he could arrange a narcotics purchase from Plaintiff. On April 4, 1990, Defendant Barnum, acting undercover, supervised a controlled drug purchase from Sherwood's residence.

Defendant Bakley later drafted, and both Defendants signed, an affidavit used to seek a warrant to search Plaintiff's residence. The affidavit chronicled the controlled transaction by stating:

(g) That after searching said informant, same was driven to the Sherwood residence by Chief Barnum who gave this informant a quantity of money and requested same go to Sherwood and purchase a quantity of purported methamphetamine.

(h) That while being watched by Chief Barnum, the individual did go to the rear door of the residence and after knocking on same, George Sherwood came to the door and came outside. Then, both individuals went back into the house.

(i) That a few minutes later, said person exited the house and returned directly to Chief Barnum's vehicle. At this time, said informant handed Chief Barnum a plastic bag containing a chunk of a white substance which same said was purchased from George Sherwood.

3

(Appellant's Br. at App. E-1.3.) Defendant Bakley later identified the substance as methamphetamine.

Plaintiff contends that each of the quoted paragraphs is false because each omits and/or affirmatively misrepresents facts surrounding the controlled transaction. First, paragraph (g) of the affidavit omits that a third person, Michael Vasgar, who was unaware that Defendant Barnum was a police officer and that he was aiding in a controlled narcotics purchase, accompanied Defendant Barnum and the informant to Plaintiff's residence on April 4, 1990.1 In this same paragraph, the affidavit states that Defendant Barnum handed money to the informant and instructed him to purchase methamphetamine from Plaintiff. The parties do not dispute that Vasgar accompanied Defendant Barnum and the informant to Plaintiff's residence and that Defendant Barnum actually gave Vasgar the money and instructed him to make the purchase.

Paragraph (h) of the affidavit omits the identity of the "individual" who approached Plaintiff and disappeared into the residence with Plaintiff. The parties do not dispute that it was Vasgar, acting on Defendant Barnum's instruction, who did so.

Finally, paragraph (i) of the affidavit omits that the "person" who returned from the residence to Defendant Barnum's vehicle was Vasgar. This paragraph then states that the informant handed the methamphetamine packet to Defendant Barnum and told Barnum that he had purchased it from Plaintiff. The parties also do not dispute that it was Vasgar who did so.

On the basis of this affidavit, which Defendants admit was partially false, a Gloucester Township Municipal Court judge approved the issuance of a warrant to search

_____

1. Defendant Barnum never searched Vasgar prior to the controlled purchase. Because Defendant Barnum was undercover, any attempt to search Vasgar would have disclosed the controlled nature of the purchase. Defendants Bakley and Barnum apparently were concerned that Barnum's failure to search Vasgar could negate any probable cause garnered from the informant's tip and the controlled purchase.

4

Plaintiff's residence. The resultant search revealed the presence of marijuana, methamphetamine, cocaine, Valium and drug paraphernalia. Plaintiff eventually plead guilty in New Jersey Superior Court, Law Division, to two counts of third degree possession with intent to distribute methamphetamine under N.J.S.A. §§ 2C: 35-5a(1) and 2C: 35-5b(9). His conviction was later overturned by the Superior Court of New Jersey, Appellate Division, after the state conceded that " `the affidavit contained a material falsehood, and that if the falsehood is excised . . . there is insufficient information to establish probable cause to support the warrant.' " (Appellant's Br. at App. E-2.2 to E-2.3.)

Plaintiff thereafter instituted this section 1983 action. Plaintiff alleged that the search warrant was invalid because it was based on a falsified affidavit, and thus, the search of his residence violated his fourth and fourteenth amendment rights. Defendants moved for summary judgment on the basis that as public officials, they were entitled to qualified immunity. In reviewing the affidavit, the district court excised the affirmative misrepresentations and supplied the omitted facts "to show the buy which actually took place on April 4, 1990." Id. at App. E-10.15. The district court then reevaluated the municipal court judge's probable cause finding and concluded that no genuine issue of material fact existed and that this "corrected affidavit" established probable cause. The district court therefore granted Defendants' motions for summary judgment. This appeal followed.

II.

As government officials engaged in discretionary functions, Defendants are qualifiedly immune from suits brought against them for damages under section 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Siegert v. Gilley, 500 U.S. 226, 232-33 (1991) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Where a defendant asserts a qualified immunity defense in a motion for summary judgment, the

5

plaintiff bears the initial burden of showing that the defendant's conduct violated some clearly established statutory or constitutional right. See In re City of Phila. Litig., 49 F.3d 945, 961 (3d Cir. 1995); D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 (3d Cir. 1992); see also Albright v. Rodriguez, 51 F.3d 1531, 1534-35 (10th Cir. 1995).

Only if the plaintiff carries this initial burden must the defendant then demonstrate that no genuine issue of material fact remains as to the "objective reasonableness" of the defendant's belief in the lawfulness of his actions. Albright, 51 F.3d at 1535. This procedure eliminates the needless expenditure of money and time by one who justifiably asserts a qualified immunity defense from suit. See Siegert, 500 U.S. at 232. Thus, we begin with the predicate question of whether Plaintiff's allegations are sufficient to establish " `a violation of a constitutional right at all.' " In re City of Phila. Litig., 49 F.3d at 961 (quoting Siegert, 500 U.S. at 232)); Middle Bucks Area Vocational Technical Sch., 972 F.2d at 1368.

III.

A section 1983 plaintiff who challenges the validity of a search warrant by asserting that law enforcement agents submitted a false affidavit to the issuing judicial officer must satisfy the two-part test developed by the Supreme Court in Franks v. Delaware, 438 U.S. 154, 155-56 (1978). See Lippay v. Christos, 996 F.2d 1490, 1502, 1504 (3d Cir. 1993). This is true whether the alleged falsehood is an affirmative misrepresentation or a material omission. See, e.g., United States v. Frost, 999 F.2d 737, 742-43 & n.2 (3d Cir. 1993); Stewart v. Donges, 915 F.2d 572, 582 (10th Cir. 1990).

Under Franks and its progeny, the plaintiff must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause. See Franks, 438 U.S. at 171-72;

6

Frost, 999 F.2d at 742-43; Velardi v. Walsh, 40 F.3d 569, 573 (2d Cir. 1994).

Defendants admit generally that the affidavit misrepresents the facts surrounding the controlled purchase by Vasgar, and that they acted with knowledge and deliberateness in drafting the affidavit as they did.2 Thus, the first prong of the Franks standard is satisfied as to all of the falsehoods contained in the affidavit.

We focus, then, on whether any of the affirmatively false statements or omissions are material to the finding of probable cause. Under Franks, falsehoods are deemed material to the finding of probable cause if the affidavit, "with the . . . false material set to one side . . . is insufficient to establish probable cause." Franks, 438 U.S. at 156. Thus, we proceed to remove the falsehoods from the affidavit that was submitted to the municipal court judge, and then, to determine whether Plaintiff has shown there to be a genuine factual dispute as to the reformulated affidavit's sufficiency to establish probable cause. In this initial step of removing the falsehoods from the affidavit, we will address the affirmative misrepresentations and omissions contained in the affidavit, in turn.

IV.

When confronted with an affirmative misrepresentation in an affidavit submitted to procure a search warrant, a court must excise the false statement from the affidavit. Id.; United States v. Ford, 22 F.3d 374, 379 (1st Cir. 1994); Forster v. County of Santa Barbara, 896 F.2d at 1146, 1148 (9th Cir. 1990). A section 1983 plaintiff then must prove by a preponderance of the evidence that probable cause does not exist under the corrected affidavit; to wit, the plaintiff must prove that the false statements were material to the original probable cause finding.

_____

2. Defendants argue, though, that they did not intend to violate Plaintiff's fourth amendment rights and that they believed, based on their consultation with a Camden County Assistant Prosecutor, that they were acting in a lawful manner.

7

The application of this rule in the case before us requires that we make two deletions from the affidavit that Defendants submitted to the municipal court judge. First, in paragraph (g) of the affidavit, we must delete the portion of the sentence that affirmatively states that Defendant Barnum supplied the informant with money and instructed him to purchase methamphetamine from Plaintiff. Second, in paragraph (i) of the affidavit, we must delete the second sentence. This sentence affirmatively states that the informant handed Defendant Barnum a package of methamphetamine, which the informant stated he had purchased from Plaintiff.

V.

As we have stated in the past, a court, when confronted with a false affidavit used to obtain a search warrant, must remove a falsehood created by an omission by supplying the omitted information to the original affidavit. See, e.g., Frost, 999 F.2d at 742-43; United States v. Calisto, 838 F.2d 711, 714-16 (3d Cir. 1988). This approach is logical because a literal application of the Franks principle would require a court to excise an omission -- or, more accurately, the portion of the affidavit reflecting the omission. See, e.g., United States v. Ippolito, 774 F.2d 1482, 1486-87 n.1 (9th Cir. 1985). We again decline to employ such a "mechanistic" view of Franks.3 See Calisto, 838 F.2d at 715.

The affidavit that Defendants presented to the municipal court judge contained four omissions. First, in paragraph (g), the affidavit omits that Michael Vasgar accompanied Defendant Barnum and the informant to Plaintiff's residence. Second, this paragraph also omits that Defendant Barnum did not search Vasgar, as he had done

_____

3. Our independent research reveals apparent unanimity among our sister circuits as to supplying or adding any omitted facts to the affidavit. United States v. Gladney, 48 F.3d 309, 314 (8th Cir. 1995); Velardi, 40 F.3d at 573-74; United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir. 1993); United States v. Higgins, 995 F.2d 1, 4 (1st Cir. 1993); Stewart, 915 F.2d at 582 n.13; United States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980).

8

to the informant. Third, paragraph (h) -- which details an "individual['s]" leaving Defendant Barnum's vehicle, approaching Plaintiff's house, greeting Plaintiff and entering the house with Plaintiff -- fails to identify this "individual" as Vasgar. Instead, the paragraph, when read in the context created by the immediately preceding and subsequent paragraphs, implies that this "individual" was the informant. Finally, paragraph (i) likewise omits the identity of the "person" who exited Plaintiff's house and returned directly to Defendant Barnum's vehicle. Like paragraph (h), the statement implies that this "person" was the informant.

Thus, we must supply these previously omitted facts to the affidavit. A reconstituted paragraph (g) must disclose that before arriving at the Sherwood residence, Defendant Barnum and the informant picked up Michael Vasgar at his residence and the three then drove to Plaintiff's residence. Defendant Barnum did not search Vasgar, and Vasgar did not know of the controlled nature of the narcotics purchase. Next, paragraph (h) must be rewritten to state that it was Michael Vasgar who went to the rear door of Plaintiff's residence, was greeted by Plaintiff and disappeared into the residence with Plaintiff. Finally, paragraph (i) must be altered to reflect that it was Michael Vasgar who exited Plaintiff's house and returned directly to Defendant Barnum's vehicle.

VI.

As a final matter, we must determine whether the district court properly concluded that no genuine issue of material fact exists as to whether this corrected affidavit establishes probable cause. Probable cause exists to support the issuance of a search warrant if, based on a totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Typically, the existence of probable cause in a section 1983 action is a question of fact. Groman v. Township of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995); Velardi, 40 F.3d at 574 n.1. The district court may conclude in the

9

appropriate case, however, that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding.4 Because the issuing municipal court judge never reviewed the corrected affidavit, we review the district court's prediction that a reasonable municipal court judge, presented with the corrected affidavit, could not conclude that the affidavit was insufficient to establish probable cause. Cf. Velardi, 40 F.3d at 574 n.1.

We hold that the district court correctly determined that no genuine issue of material fact exists as to whether the corrected affidavit supports a finding of probable cause. Defendant Barnum possesses specialized training in narcotics enforcement and fifteen years of experience in drug-related investigations, arrests, and prosecutions. Defendant Bakley is similarly trained. The informant had proved reliable in the past by providing information and assistance "leading to several arrests for drug-related offenses." (Appellant's Br. at App. E-1.2.)

In this case, the informant told Defendant Barnum that Plaintiff was presently distributing "large quantities of alleged methamphetamine from his residence" and that a drug purchase from Plaintiff could be arranged. Id. Plaintiff has been arrested numerous times dating back to 1978 for drug-related offenses in both Camden and Gloucester counties. During the week of April 2, 1990, Defendants met with the informant, who tried unsuccessfully "to arrange a drug purchase from [Plaintiff], but [Plaintiff] was not at home." Id. Defendant Barnum met with the informant, for a second time, on April 4, 1990. At this meeting, the informant told Defendant Barnum that he had arranged a drug purchase from Plaintiff.

_____

4. As we recently noted, tension exists as to the proper role of the judge and jury where qualified immunity is asserted. Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir. 1996). The Supreme Court has held that the application of qualified immunity is a question of law. Siegert, 500 U.S. at 232. In contrast, the existence of probable cause to support a warrant, when raised in a section 1983 action, is a question of fact. Groman, 47 F.3d at 635. This may prove problematic in attempting to resolve immunity issues in the early stages of litigation where a genuine and material factual dispute exists concerning probable cause.

10

After searching the informant, Defendant Barnum and the informant drove to Michael Vasgar's residence and recruited him to assist in the transaction. Defendant Barnum did not search Vasgar because Vasgar did not know that Defendant Barnum was a law enforcement officer and that he was partaking in a controlled narcotics purchase.

The affidavit then recites that Defendant Barnum and the informant watched from Barnum's vehicle as Vasgar approached and knocked on the rear door of Plaintiff's residence, was greeted by Plaintiff, and both men went into the residence. Next, the affidavit reports that Vasgar exited the residence "a few minutes later" and returned directly to Defendant Barnum's car.

As a result of the revisions made to the affidavit by the district court, the next paragraph now ambiguously refers to "evidence" received by Defendant Barnum from the ostensible transaction. Finally, as relevant, the affidavit states that Defendant Bakley received a positive response for methamphetamine after conducting a field test of this "substance."

We acknowledge that as a result of the need to delete the affirmative misrepresentations contained in the original affidavit, the corrected affidavit contains no direct reference to Vasgar's being given money and instructions by Defendant Barnum to purchase methamphetamine from Plaintiff. Also, the corrected affidavit does not state explicitly that Vasgar returned to Defendant Barnum's vehicle and handed him a package of methamphetamine that he claimed to have purchased from Plaintiff. Finally, the affidavit discloses Vasgar's role in the controlled purchase and that he was not searched prior to his visit with Plaintiff.

We find, however, that Plaintiff has failed to demonstrate that the deletion of the affirmatively false statements and the supplying of the omitted information materially affected the existence of probable cause. Defendants received a tip from a reliable informant and corroborated the tip with a controlled narcotics purchase. While the details of the transaction are not ideally set forth in the corrected

11

affidavit, the affidavit still states clearly the content of a reliable informant's tip, the purpose of the April 4, 1990 visit to Plaintiff's residence, Vasgar's unwitting assistance in the effort, and Defendants' receipt of methamphetamine from the visit.

We conclude then that Defendants' affirmative misrepresentations and omissions were not material to the probable cause finding. Therefore, we hold that Plaintiff has failed to carry his initial burden of alleging a violation of a constitutional right. In light of Plaintiff's failure to carry his initial burden, Defendants were not required to demonstrate the objective reasonableness of their beliefs in the lawfulness of their actions. See Velardi, 40 F.3d at 573; Forster, 896 F.2d at 1148.

VII.

For the foregoing reasons we will affirm the order of the district court granting summary judgment in favor of Defendants.

12

SLOVITER, <u>Chief Judge</u>, dissenting.

I am unable to join the decision of the majority affirming the district court's grant of summary judgment for the defendants based on qualified immunity. I believe the question before us is not, as the majority states at the outset, one arising out of the fallout from the drug scourge, but is instead whether zealous law enforcement agents should be immune from civil liability when they deliberately falsify information in presenting evidence to the magistrate in order to obtain a search warrant.

There are relevant facts in this matter that I believe merit additional consideration before we foreclose civil liability. Sherwood was the subject of two indictments, one in Gloucester County and the other in Camden County. He pled guilty to five charges, three in the Gloucester County indictment and two in the Camden County indictment. The latter two charges were both for third degree possession with intent to distribute methamphetamine, and only those are at issue here. Sherwood's guilty plea came only after the state trial judge denied his motion to suppress the evidence obtained as a result of the Camden County search. Sherwood was sentenced to imprisonment on terms to run concurrent with each other and with those on the Gloucester County charges.

On appeal, the Superior Court of New Jersey, Appellate Division, affirmed the convictions and sentences on the Gloucester County charges, but vacated the convictions arising under the Camden County indictment because the search and seizure were predicated on a warrant obtained upon an affidavit based on knowingly false information. In fact, the <u>per curiam</u> decision of the state appellate court states that "[t]he State concedes that, `the affidavit contained a material falsehood, and that if the falsehood is excised . . . there is insufficient information to establish probable cause to support the warrant.' " App. at E-2.2-3. Upon remand, the trial division then vacated the judgment of conviction on the Camden County indictment, "it . . . appearing that the State has insufficient evidence absent the suppressed evidence to even have the case submitted to a jury." App. at E-3-1.

13

In light of this finding by the state court and the state's concession, I find surprising the majority's conclusion that the defendant officers' misrepresentations and omissions were not material to the finding of probable cause by the magistrate. Admittedly, the New Jersey courts did not need to make the sophisticated analysis of the precedent engaged in by the majority because the state conceded the issue. But it must have had some basis to make such a concession. Thus, I can only attribute the majority's conclusion to its decision that the defendants' affidavit should not only be redacted of all of the misrepresentations, but that the affidavit should be corrected to include the relevant facts omitted by the officers. It is with that process that I disagree.

The relevant analysis must begin with Franks v. Delaware, 438 U.S. 154 (1978), where the issue arose in the context of a defendant's appeal from his conviction in state court on the ground that the warrant affidavit was procured by misrepresentations. Although proof of negligence or innocent mistake is insufficient, the Supreme Court rejected the state's argument that a defendant may never challenge the veracity of a sworn statement used by police to procure a search warrant. Instead, the Court held that such a challenge may be made "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, . . . if the allegedly false statement is necessary to the finding of probable cause . . . .". Id. at 155.

In discussing whether an evidentiary hearing is necessary when such a challenge is made by a defendant seeking to exclude the fruits of the search on the basis of a Fourth Amendment violation, the Court noted that a hearing is not required "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." Id. at 171-72 (emphasis added). Thus, Franks speaks only in terms of setting aside the falsities, and says nothing about substitution of the omitted facts.

14

As the majority notes, many circuits seem to have extended Franks not only to exclude material misstatements from the reconstituted affidavits but also to include material omissions. See e.g., United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir. 1993); United States v. Frost, 999 F.2d 737, 743 (3d Cir.), cert. denied, 510 U.S. 1001 (1993); United States v. Higgins, 995 F.2d 1, 4 (1st Cir. 1993); United States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980). However, the inquiry in those cases was made in criminal proceedings pursuant to the defendant's challenge to the affidavit on Fourth Amendment grounds, and was designed to ascertain "whether the affidavit would have provided probable cause if it had contained a disclosure of the omitted information." Frost , 999 F.2d at 743.

That is not the issue before us. Instead, in this civil action for damages for violation of the plaintiff's constitutional rights, we must decide whether reconstitution of the warrant affidavit should be permitted to provide a defense on behalf of those police officers who conceded that they knowingly misrepresented the facts. I fail to see any persuasive reason in the majority's opinion why we should do so. It is not required by the Supreme Court's jurisprudence on this issue; certainly not by Franks where the Court, albeit in another context, voiced its disapproval of insulation of an officer's deliberate misstatements. See 428 U.S. at 164 n.6.

The majority relies on this court's opinion in United States v. Calisto, 838 F.2d 711 (3d Cir. 1988), where we rejected a criminal defendant's argument that we should limit our redaction of the warrant affidavit to striking the intentionally misleading portions and determine the existence of probable cause by reference only to the redacted document. See id. at 715. Instead, we considered whether the affidavit would still have provided probable cause if the facts omitted from the affidavit had been disclosed, i.e., that the information about the defendant that led to the issuance of the warrant passed through the hands of two additional police officers. See id. We decided that even with the information that had been omitted to conceal the participation of two law enforcement officers in

15

order to protect the original confidential informant, there would have been probable cause. Therefore we concluded that there was no causal connection between the deception and the challenged search. See id. at 716.

But Calisto, like the defendants in the cases referred to above, was a criminal defendant seeking to challenge the validity of the search, and there are obvious policy reasons why a court may be reluctant to suppress the fruits of a search, notwithstanding erroneous information in an affidavit, if the objective circumstances would have supported a finding of probable cause. It is much more difficult to find a policy argument that would justify shielding police officers who knowingly lied in the warrant affidavit from a civil suit seeking damages for redress of a constitutional injury. That Sherwood was injured is patent from the record, for he was indicted and ultimately sentenced based on an affidavit that the State subsequently conceded did not establish probable cause.

Significantly, the Calisto opinion stressed that if there were any intent on the police officer's part to mislead the magistrate, it "was occasioned not by a scheme to deceive the magistrate about a material fact, but by a desire to withhold a fact not material to the magistrate's task." Id. at 715. In contrast, in this case Barnum and Bakley withheld the information that it was Vasgar, not the confidential informant, who was sent to buy methamphetamine from Sherwood without having been searched for drugs before he undertook the buy because they were apparently concerned that a magistrate might not otherwise issue a warrant. They had neglected to search Vasgar before the buy, and therefore prepared a false and misleading affidavit which made it seem as if it were the confidential informant who was searched and who made the drug purchase thereafter. Unlike the situation in Calisto, in Sherwood's case the materiality of the omission was deemed determinative by the state court and as a result it vacated Sherwood's conviction on those counts.

This court has already indicated the approach to be followed when the issue is not whether evidence should be suppressed but whether the officers should be shielded from liability for civil damages by qualified immunity. The

16

test under qualified immunity is an objective one, and an officer will not be subject to liability for an illegal search or seizure merely because it later develops that the warrant was invalid. On the other hand, we have stated that "If a police officer submits an affidavit containing statements he knows to be false or would know are false if he had not recklessly disregarded the truth, the officer obviously failed to observe a right that was clearly established. Thus, he is not entitled to qualified immunity." Lippay v. Christos, 996 F.2d 1490, 1504 (3d Cir. 1993)(citations omitted)(emphasis added). This view has also been expressed by other circuits. See Hervey v. Estes, 65 F.3d 784, 788 (9th Cir. 1995)(holding that if officer submitted an affidavit that contained statements he knew to be false "the shield of qualified immunity is lost"); Kelly v. Curtis, 21 F.3d 1544, 1555 (11th Cir. 1994)(holding that officer had violated a clearly established constitutional right by seeking arrest warrant on conclusory affidavit); Olson v. Tyler, 771 F.2d 277, 282 (7th Cir. 1985)(stating that "in cases in which suppression would be warranted because an officer was dishonest or reckless in preparing a warrant affidavit, that officer would not enjoy good faith immunity for civil damages.").

The majority relies on the decision of the Second Circuit in Velardi v. Walsh, 40 F.3d 569 (2d Cir. 1994), a § 1983 case against two police officers alleging that they had materially misled the magistrate in order to procure a search warrant. In that civil case the court did allow an affidavit to be corrected to show that the police officers, who had not made the personal observations on which the original warrant was predicated, had relied on observations of others. The court held that if the affidavits were corrected with the omitted facts, there still would have been probable cause. See id. at 574-75.

Velardi is the only case we have found that allowed "correction" in order to provide police officers who deliberately misrepresented material facts with qualified immunity. In Stewart v. Donges, 915 F.2d 572 (10th Cir. 1990), the only other § 1983 case cited by the majority in its list of circuit decisions, see Majority Op. at 8 n.3, the "correction" of the warrant affidavit was not made to shield

17

the officer but, on the contrary, to show why he was not entitled to such a shield. The plaintiff in Stewart based his allegation of police misrepresentation on the officer's failure to state in the warrant affidavit that the principal complainant had recanted his testimony and confessed it was a fabrication. The court held that if the affidavit were modified with this exculpatory evidence, it would not support probable cause. Thus, had there been no material issue of fact, the modification would have defeated qualified immunity rather than shielded the police from suit. See id. at 582-83.

The distinction was specifically noted by the Eighth Circuit when it stated: "We express no view as to whether a defendant whose affidavit contained a deliberate falsehood should be entitled to qualified immunity if a corrected affidavit would still provide probable cause. A more stringent rule may be appropriate when a liar seeks the benefit of this defense." Bagby v. Brondhaver, 98 F.3d 1096, 1099 n.2 (8th Cir. 1996).

Ultimately, of course, a plaintiff in a § 1983 case must prove his or her case before a jury if the path to that end is not prevented by the qualified immunity defense. That was the process that we followed in Lippay. I would follow that process here, as the knowing and deliberate misstatements are conceded. Thus, I respectfully dissent.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

18