

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# Vazquez v. Rossnagle

Precedential or Non-Precedential:

Docket 01-1617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Vazquez v. Rossnagle" (2002). *2002 Decisions.* Paper 229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1617


RAYMOND VAZQUEZ,

Appellant


v.


FRANK A. ROSSNAGLE



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-00283)
District Judge: Honorable Mary A. McLaughlin



Submitted Under Third Circuit LAR 34.1(a)
January 18, 2002



Before: ALITO and ROTH, Circuit Judges
SCHWARZER*, District Judge

(Opinion filed March 29, 2002)



* Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.



OPINION



ROTH, Circuit Judge:

Appellant Raymond Vasquez appeals from a final order of the United States
District Court for the Eastern District of Pennsylvania granting appellee Frank A.
Rossnagle's motion for summary judgment.  The District Court had subject matter
jurisdiction pursuant to 42 U.S.C.   1983.  We have appellate jurisdiction pursuant to 28
U.S.C.   1291.  We exercise plenary review over a grant of a motion for summary
judgment.  See Metro Transp. Co. v. North Star Reinsurance Co., 912 F.2d 672, 678 (3d
Cir. 1990).  In our review of the grant of summary judgment, we view all reasonable
inferences from the evidence in a light most favorable to the nonmoving party. Hamilton
v. Leavy, 117 F. 3d 742, 746 (3d Cir. 1997).  Summary judgment may be granted where
there exists no genuine issue as to any material fact, and the moving party is entitled to
judgment as a matter of law.  F.R.Civ.P. 56(c).

Vasquez argues on appeal (1) that the District Court erred in granting summary

judgment in favor of Rossnagle on his claim that Rossnagle arrested him without probable cause, and (2) that Rossnagle is not entitled to qualified immunity. For the reasons discussed below, we will affirm the judgment of the District Court.

The first issue before us is whether the District Court erred in its determination that Rossnagle had sufficient probable cause to arrest Vasquez. "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F. 3d 480, 483 (3d Cir. 1995). A district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding," and may enter summary judgment accordingly. Sherwood v. Mulvihill, 113 F. 3d 396, 401 (3d Cir. 1997).

The District Court found that Rossnagle did have probable cause to arrest Vasquez based on the description given to Rossnagle by one of the 911 callers, Robert Irby. When Rossnagle arrived at the scene of the crime, Irby informed him that all four of the shooters were Hispanic, that one of the shooters was in his twenties and was wearing a yellow shirt. When found within minutes, Vasquez matched the description. Irby was able to immediately identify Vasquez, without hesitation, at a show-up. Irby testified that he was able to observe Vasquez clearly and that he had provided Rossnagle with an accurate and relatively detailed description. Based on the totality of the circumstances available to Rossnagle at that time, the District Court found that Irby's identification of Vasquez was reliable and gave Rossnagle sufficient probable cause to believe that Vasquez had committed the crime. See Illinois v. Gates, 462 U.S. 213 (1983), and Sharrar v. Felsing, 128 F. 2d 810, 817-818 (3d Cir. 1997).

Vasquez also contends that Rossnagle disregarded potentially exculpatory evidence. Vasquez argues that Rossnagle did not allow him to take a gunpowder residue test. The District Court found that once Rossnagle had established that there was sufficient probable cause to arrest Vasquez, there was no need for additional investigations. We agree. See Merkle v. Upper Dublin School District, 211 F. 3d 782, 790 (3d Cir. 2000).

Because we have determined that Rossnagle had probable cause to arrest Vasquez, we do not need to go on to consider the second issue of qualified immunity.

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Jane R. Roth
Circuit Judge