

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Sanchez" (2007). *2007 Decisions.* Paper 672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-1931

————

UNITED STATES OF AMERICA

v.

ANGEL SANCHEZ,

<u>Appellant</u>

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 05-cr-00190-3
District Judge: Hon. Eduardo C. Robreno

——————

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>.

(Filed July 31, 2007)

————————————

OPINION OF THE COURT

————————————

ALDISERT, <u>Circuit Judge</u>.

A jury in the Eastern District of Pennsylvania found Angel Sanchez guilty of three offenses: (1) possession of crack cocaine with intent to distribute, (2) possession of a firearm in furtherance of drug trafficking, and (3) possession of a firearm by a convicted felon. In prosecuting Sanchez for these crimes, the government relied on drugs and weapons seized from a residence in Bethlehem, Pennsylvania. Sanchez now appeals his conviction, arguing that the District Judge erred in denying his motion to suppress the evidence. Specifically, he contends that the Bethlehem City Police improperly omitted material information from the affidavit of probable cause. We conclude that Appellant's argument lacks merit and, accordingly, we will affirm the judgment of the District Court.

**I.**

The parties are familiar with the facts and proceedings, so we will only briefly revisit them here. The central character in the events leading up to Appellant's arrest is a police informant ("the Informant") of questionable moral fiber. On December 4, 2003, the Informant told Bethlehem City Police that Appellant and three other men were selling crack from the first floor of 624 Bradley Street in Bethlehem.[1]

To aid the police investigation, the Informant agreed to make a controlled buy of crack cocaine from 624 Bradley Street. In the first week of December, the Informant met with Bethlehem Police Officer Christopher Vasvari at an undisclosed location. When they met, Vasvari searched the Informant to ensure that he did not have any drugs in his possession. Officer Vasvari testified that he patted the Informant down and searched his

_____

[1] The Informant originally identified Sanchez by his alias, "Chewy."

2

pockets, socks and underwear for the presence of narcotics.[2]  After the search, Vasvari gave the Informant marked bills to buy crack from the suspected dealers.  With the help of another officer, Vasvari then took the Informant to 624 Bradley Street, and watched him enter and exit the residence.  The Informant returned directly to Vasvari and gave him a handful of crack that he had purchased inside.  On two other occasions in mid-December, the Informant made similar controlled purchases of crack cocaine from 624 Bradley Street.

Less than forty-eight hours after the final controlled purchase, Officer Vasvari sought a warrant to search 624 Bradley Street.  To establish probable cause, Vasvari cited the Informant's tip and the subsequent controlled buys made from the premises.  Vasvari, however, failed to include a slew of information relating to the Informant's checkered past.  Vasvari did not disclose that Bethlehem police had recently arrested the Informant for theft and sexual assault.  Moreover, Vasvari failed to include information that the Informant had been on parole during his cooperation with police.  Based on the facts in front of her, Magistrate Justice Elizabeth A. Romig found that the controlled buys established probable cause and she signed the search warrant.

Warrant in hand, police raided 624 Bradley Street on December 19, 2003.  Inside the residence, police arrested four men, including Appellant Angel Sanchez.  The police also seized a stash of crack cocaine, two shotguns, and a cell phone containing pictures of

---

[2] During the hearing on the motion to suppress the Informant testified that Officer Vasvari only conducted an external pat-down.

Sanchez posing with the firearms.

While awaiting trial on the gun and drug charges, Sanchez entered a motion to suppress the physical evidence. He alleged that the police filed a misleading affidavit of probable cause that omitted key facts related to the Informant's credibility. The District Court denied the motion, ruling that "the omissions were non-material." App. 3-4. Sanchez proceeded to trial, and on December 19, 2005, the jury found him guilty on all charges. He now appeals.

## II.

We have jurisdiction over this case pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion to suppress "for clear error as to the underlying factual findings and exercise[ ] plenary review of [a district court's] application of the law to those facts." United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002). Where, as here, "a district court, in reviewing a magistrate's determination of probable cause, bases its probable cause ruling on facts contained in an affidavit, we exercise plenary review over the district court's decision." United States v. Ritter, 416 F.3d 256, 261 (3d Cir. 2005).

## III.

On appeal, Sanchez continues to argue that the police illegally obtained permission to conduct the search of 624 Bradley Street. Specifically, Sanchez contends that Officer Vasvari omitted information relevant to the Informant's credibility from the affidavit of probable cause. The rule governing allegedly misleading affidavits of probable cause is

4

well settled. Under the doctrine established in <u>Franks v. Delaware</u>, 438 U.S. 154, 155-156 (1978), we grant a defendant's motion to suppress evidence if he can demonstrate: (1) that the police recklessly omitted information from a warrant affidavit, and (2) that the determination of probable cause hinged on the omitted material. <u>See</u> <u>United States v. Calisto</u>, 838 F.2d 711, 714-716 (3rd Cir. 1988) (expanding <u>Franks</u> analysis to omissions as well as misstatements).

We agree with the District Court that this case turns on the second prong of the <u>Franks</u> test.[3] Accordingly, we must ask whether Sanchez presents sufficient evidence to establish that the omissions were "material, or necessary, to the finding of probable cause." <u>See</u> <u>Sherwood v. Mulvihill</u>, 113 F.3d 396, 399 (3d Cir. 1997). To determine materiality, we insert the missing information, and then examine whether or not the "corrected" warrant affidavit would establish probable cause. <u>See</u> <u>United States v. Yusuf</u>, 461 F.3d 374, 384 (3d Cir. 2006). In this context, probable cause exists if the totality of circumstances "raise a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).

With these precepts in view, we turn to the case at bar. Sanchez states that Vasvari failed to disclose that: (1) he had no record of working with the Informant prior to the start of the investigation, (2) the Informant was a parolee during the period of the investigation, (3) Bethlehem Police arrested the Informant for two crimes during the

---

[3] The District Court made no finding on the first prong of the <u>Franks</u> test and we decline to do so now.

course of the investigation, (4) the Informant was a fugitive from an arrest warrant during the period of the investigation, and, (5) the Informant did not report the new charges filed against him. Sanchez contends that, had the relevant facts been included in the warrant affidavit, the Magistrate Judge would not have found probable cause for the search. We do not agree.

At best, the omitted information establishes that the Informant is an unsavory character with a questionable moral compass. This fact does not, per se, doom a finding of probable cause. Courts, according to well-established precedent, may consider both the reliability of the informant and the reliability of the information provided by the informant. See United States v. Goodrich, 450 F.3d 552, 560 (3d Cir. 2006); see also Gates, 462 U.S. at 230 (holding that while an informant's "veracity" is "highly relevant" to the existence of probable cause, it is only one part of the larger common-sense determination). In other words, we determine probable cause by looking at the "totality-of-the-circumstances," not isolated facts about the defendant's character. Gates, 462 U.S. at 230. Here, Officer Vasvari met with the Informant on three separate occasions, searched his person for drugs, provided him with cash to buy narcotics, observed him enter 624 Bradley Street, and established that the Informant emerged from the residence in possession of crack cocaine and no money. The strength of this physical evidence—acquired through carefully-executed police procedure and repeated on multiple occasions—overwhelms the personal failings of the informant and establishes a "fair probability" that drug sales were afoot on Bradley Street. See Gates, 462 U.S. at

6

234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.").

We note that this decision accords with caselaw from our sister Courts of Appeals, many of whom have determined that a closely supervised and controlled purchase of narcotics establishes ample probable cause to search a residence. See, e.g., United States v. Nelson, 450 F.3d 1201, 1214 (10th Cir. 2006) ("Given the level of independent corroboration provided by the police surveillance of the confidential informant's controlled buys in this case, the addition of negative information about the confidential informant's credibility or veracity would not change the outcome because it does nothing to defeat a showing of probable cause."); United States v. McKinney, 143 F.3d 325, 329 (7th Cir. 1998) ("[Defendant] complains that the informant was new to police and untested, and therefore unreliable. Rather than simply relying on the informant's tip alone, however, police boosted the informant's reliability with the controlled buys. Controlled buys add great weight to an informant's tip."). Accordingly, we will affirm the judgment of the District Court.

\* \* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

_____