**BLD-148**                                                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4360
_____

BERNARD F. WOODS,
Appellant

v.

BRIAN GRANT; MARK GRAJEWSKI;
TERRY O'CONNOR;  TRAVIS MCDERMOTT

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-0396)
District Judge: Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed: May 21, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Bernard F. Woods, a pro se prisoner, appeals from an order of the

District Court granting summary judgment in favor of Defendants.  For the reasons set

forth below, we will summarily affirm.  See I.O.P. 10.6.

I.

Woods filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 alleging that in September 2007, Brian Grant ("Grant") and Mark Grajewski ("Grajewski"), detectives with the New Castle County Police Department ("NCCPD"), and Terry O'Connor ("O'Connor"), a police officer with the NCCPD K-9 unit, used excessive force while executing search and arrest warrants against him.  Specifically, Woods claims that while he was handcuffed and down on the ground, Grajewski kicked and punched him in the head and face, repeatedly used a taser on him, and held him down while O'Connor allowed a police K-9 dog to attack him.

Defendants claim that Woods became violent when they attempted to execute the warrants.  Apparently, Woods was sitting on the curb in front of his residence when Grajewski and Grant arrived with several other assisting officers.  Defendants assert that Grant identified himself as a police officer and asked Woods to lay on the ground, but that Woods would not comply.  After trying to place Woods on the ground, Woods stood up and moved toward Grant in an aggressive manner.  At that point, Grant used his taser on Woods.  Although Woods went down on one knee, he immediately stood up and began to run towards Grant.  As Woods advanced, Grant administered a palm heel brachial stun which caused Woods to fall into a tree.  Grant again used his taser on Woods, but Woods punched him in the face and the two continued to struggle.

2

An assisting police officer then used a taser on Woods, but it appeared to have no effect on Woods. Woods then attempted to flee and was pursued on foot by Grant and Grajewski. Woods punched Grajewski in the face before he was finally placed on the ground. Woods attempted to put his hands in his pockets and the Defendants believed Woods might have had a concealed weapon. Defendants used the taser once again, but Woods remained combative. Soon after, O'Connor and his K-9 partner arrived at the scene. Woods refused all commands to stop resisting and place his hands behind his back. O'Connor told Woods to stop resisting arrest and warned him that the K-9 would be deployed if he did not comply. Woods continued to resist and the K-9 was released. The K-9 bit Woods and the Defendants briefly gained control over Woods. Although they were able to handcuff Woods' wrists and ankles, Woods broke free of the flex cuffs and began kicking the officers. O'Connor again released the K-9, the K-9 bit Woods, and the Defendants gained control over Woods and placed him in the patrol car. He was taken to a hospital for treatment and was later released and taken to NCCPD.

Once Woods arrived at NCCPD, he waived his rights and agreed to speak with Defendant Travis McDermott ("McDermott"), a police patrolman. During the interview, he told McDermott that there were two handguns in the basement ceiling of his residence. Based upon those statements, Grant and Grajewski obtained a second search warrant to recover the weapons. Execution of the second search warrant resulted in the recovery of two handguns and a digital scale. Woods claims that McDermott fabricated his statement.

He further alleges that Grant, Grajewski, and McDermott conspired to use the false statement in order to persuade a judge to issue the second search warrant.

At the close of discovery, Defendants moved for summary judgment on Woods' claims that they used excessive force against him, engaged in a conspiracy, and obtained a search warrant based upon a falsified statement. The District Court concluded that no genuine issues of material fact exist with regard to any of Woods' claims and granted Defendants' motion for summary judgment.[1] Woods filed a timely appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994).

---

[1] The District Court's order also denied Woods' previously filed motion to compel and motion for extension of time.

4

## III.

1.      <u>Excessive Force Claim</u>

To succeed on a § 1983 claim, a plaintiff must show that the defendant, acting under of color of state law, deprived him of a federal right. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). In evaluating whether a plaintiff's rights were violated by an arresting officer's use of force, a court must determine whether the officer's actions in gaining custody of the plaintiff were "objectively reasonable." <u>Scott v. Harris</u>, 550 U.S. 372, 381 (2007); <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989). Factors to be considered include the severity of the crime, whether the suspect posed an immediate threat to public safety, and whether the suspect was actively resisting or evading arrest. <u>See</u> <u>Graham</u>, 490 U.S. at 396; <u>Carswell v. Borough of Homestead</u>, 381 F.3d 235, 240 (3d Cir. 2004).

The District Court's entry of summary judgment in favor of Defendants was proper because there is no genuine issue as to any material fact. To overcome the Defendants' argument that summary judgment was warranted, Woods had to "set forth specific facts" and present more than a "mere existence of a scintilla of evidence" in his favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 256 (1986). Woods did not present any evidence in support of his claim, and merely rested upon the allegations of his complaint. Moreover, his argument that Defendants used an unreasonable amount of force in executing the warrant is not borne out by the record.

During the execution of the arrest warrant, Woods continually resisted arrest, was

5

aggressive and combative, and would not respond to the officers' requests even after they used the taser. In addition, although the Defendants were able to place a flex-cuff on Woods at one point, he broke free of the restraint and continued to resist arrest. Moreover, the Defendants observed Woods reaching for his pockets, causing them to believe he might have had a concealed weapon. Accordingly, on this record, Woods cannot show that the Defendants' use of force was excessive. We agree with the District Court that the degree of physical force applied by the Defendants appears reasonable because it was proportional to the need for force, especially in light of Woods' active resistance to arrest. Graham, 490 U.S. at 396.

    2.    Search Warrant

Woods alleges that Grant, Grajewski, and McDermott conspired to obtain a second search warrant based upon false information. A litigant who challenges the validity of a search warrant on the basis that a law enforcement agent submitted a false statement must satisfy the two-part test of Franks v. Delaware, 438 U.S. 154, 155-56 (1978). See Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997). A plaintiff must prove by a preponderance that the agent knowingly and deliberately, or with reckless disregard for the truth, made false statements in applying for a warrant, and that the statements were material or necessary to the probable cause finding. Id.

    The District Court correctly determined that Woods failed to set forth any evidence showing that Defendants " knowingly and deliberately" or "with a reckless

6

disregard for the truth" falsified a statement in order to procure a second search warrant.

Accordingly, we agree that there is an insufficient evidentiary basis upon which a reasonable jury could find in Woods' favor on this claim.

3.    Conspiracy

The District Court also properly entered judgment in favor of the Defendants on Woods' claim of a conspiracy under § 1983.  In order to demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law."  Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993).  We agree with the District Court that Woods failed to present any evidence that would satisfy that requirement.[2]

4.    The District Court's Rulings on Woods' Outstanding Motions

As mentioned, the District Court also ruled on Woods' two outstanding motions in its October 23, 2009 decision granting Defendants' motion for summary judgment.  To the extent Woods also appeals from those rulings, we affirm.

First, the District Court correctly denied Woods' motion to compel.  Woods served interrogatories on the Defendants on April 22, 2009, and submitted a request for

---

[2]In Woods' response to Defendants' motion for summary judgment, he suggested for the first time that the Defendants conspired against him because of his race.  We agree with the District Court that to the extent that Woods was attempting raise a claim under 42 U.S.C. § 1985, the claim also fails.  Woods has not alleged any facts from which we can infer that Defendants colluded with the requisite discriminatory animus to deprive him of his constitutional rights.  See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006).

documents on June 3, 2009.  Defendants answered the majority of the interrogatories, but objected to the request for documents because it was filed after the discovery deadline. Woods sought an order compelling the Defendants to answer the interrogatories and comply with the document request.  We agree with the District Court that the Defendants adequately responded to the interrogatories, despite having objected to twenty-two of the twenty-five of them.  Furthermore, as evidenced by the exhibits attached to Defendants' motion for summary judgment, Woods was provided with numerous documents regarding his claims during the litigation.

Woods also appeals from the District Court's denial of his motion for extension of time.  In June 2009, the Defendants moved to compel Woods to comply with their discovery request.  Woods did not seek an extension of time to file a response to the motion until nearly thee months later.  Nevertheless, in its October 23, 2009 order, the District Court explicitly stated that Woods did not have to provide the discovery because Defendants' motion for summary judgment would be granted.  Accordingly, because we affirm the District Court's decision to grant Defendants' summary judgment motion, Woods' appeal of the denial of his motion for extension of time is moot.

As Woods' appeal presents no substantial question, we will summarily affirm.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.