**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1555
_____

LEO TARR,

Appellant

v.

CITY OF PITTSBURGH, a municipal corporation;
ANTONIO RUIZ, individually; GLENN CUMMINS, individually
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-01424)
District Judge: Honorable Mark R. Hornak

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2019

Before: SHWARTZ, RESTREPO and RENDELL, <u>Circuit Judges</u>

(Opinion filed: January 21, 2020)
_____

OP I N I O N[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leo Tarr appeals pro se from an order of the United States District Court for the Western District of Pennsylvania, which granted the defendant's motion for summary judgment in a civil rights case brought pursuant to 42 U.S.C. § 1983. We will affirm the District Court's judgment.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In October 2015, Tarr called 911 to report that his next door neighbor, James Montgomery, had hit him in the head with a brick. Officer Antonio Ruiz, along with several other police officers from the City of Pittsburgh, responded. After investigating, Officer Ruiz prepared an affidavit of probable cause for Tarr's arrest on charges of aggravated assault and harassment. Tarr was arrested pursuant to an authorized arrest warrant, but the charges were later dismissed.

Tarr, with the assistance of counsel, filed a complaint, which he later amended. In the operative second amended complaint, he raised claims of, inter alia, false arrest and malicious prosecution against Officer Ruiz.[1] Officer Ruiz filed a motion for summary judgment, arguing, inter alia, that there was probable cause for Tarr's arrest. The District Court agreed with Tarr that Officer Ruiz recklessly omitted facts from, and misrepresented information within, the affidavit. But the District Court concluded that the affidavit, reconstructed to correct those errors, still established probable cause for

---

[1] Tarr also named as defendants Officer Glenn Cummins and the City of Pittsburgh, but he later stipulated to the dismissal of those defendants.

Tarr's arrest and prosecution.[2]  Accordingly, the District Court granted Officer Ruiz's motion for summary judgment.  Tarr appealed pro se.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting summary judgment.  See Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).  A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To prevail on his false arrest and malicious prosecutions claims, Tarr must establish that his arrest was not supported by probable cause.  See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) (stating that "[t]he proper inquiry in a § 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."); Wright v. City of Phila., 409 F.3d 595, 604 (3d Cir. 2005) (explaining that "[t]o prevail on [a malicious prosecution] claim, [the plaintiff] must show that the officers lacked probable cause to arrest her").  "Probable cause exists

---

[2] The District Court also held that Officer Ruiz was entitled to qualified immunity.  Given our conclusion below that Tarr failed to make out a constitutional violation, we need not decide whether Officer Ruiz is otherwise entitled to qualified immunity.

where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." United States v. McGlory, 968 F.2d 309, 342 (3d Cir. 1992). In general, "the question of probable cause in a section 1983 damage suit is one for the jury." Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998). A district court, however, may conclude that probable cause exists as a matter of law and grant summary judgment if the evidence, when viewed in the light most favorable to the plaintiff, would not reasonably support a contrary factual finding. See Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).

Where, as here, an arrest is made pursuant to a warrant, "[a] plaintiff may succeed in a § 1983 action for false arrest . . . if [he] shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood, 113 F.3d at 399). The District Court properly concluded that Officer Ruiz recklessly omitted and misstated facts in the probable cause affidavit.[3] Consequently, the District Court performed a word-by-word reconstruction of the

---

[3] In particular, the District Court held that the probable cause affidavit (1) "falsely state[d] that [Tarr's] head injury was self-inflicted from hitting his head on a retaining wall" and (2) omitted: (a) a summary of what Tarr reported in the 911 call; (b) a witness statement suggesting that Montgomery was the aggressor and Tarr was acting in self-defense; (c) the fact that Officer Ruiz did not inspect the retaining wall where Tarr allegedly hit his head; and (d) the fact that the altercation took place on Tarr's property.

4

affidavit and then reassessed the probable cause determination.  See Dempsey v.

Bucknell Univ., 834 F.3d 457, 470 (3d Cir. 2016).  When reconstructed to account for

those omissions and misstatements, the probable cause affidavit read:

> On 10/26/2015, at 1241 hours Leo Tarr called 911 to report that his neighbor, James Montgomery, assaulted him with a brick and reported that he is bleeding profusely.  At 1300 hours, I, PO Antonio Ruiz was dispatched to [] Lakewood Street for a reported assault in progress.  Upon arrival [five other police officers] were on scene with actor/victim separated.  I first spoke with [James] Montgomery, resident of [] Lakewood Street.  Montgomery told me [that] shortly before Officers arrived, he was confronted by his neighbor from [] Lakewood, Leo Tarr.  Montgomery told me that he and Tarr had a verbal altercation over a parking spot.  Montgomery told me Tarr lunged at him with a brick, attempting to strike him with it. Montgomery, fearing for his safety, told me he pushed Tarr off of him, acting in self defense [sic].  When Montgomery pushed Tarr away from his person, Montgomery told me Tarr fell backward and struck his head on a retaining wall on Tarr's property. I did not examine the retaining wall.
>
> Montgomery reported Tarr lunged at him a second time, again with a brick, attempting to strike him.  Montgomery, fearing for his safety, told me he pushed Tarr away in self defense [sic].  Montgomery told me after pushing Tarr away the second time, he ran into his home.
>
> I spoke [with] Robert Rizzo, and John Bailey who witnessed the altercation while doing construction work across the street.  Rizzo did not see the altercation begin but described both men as aggressors swinging at each other.  Rizzo saw an object in Tarr's hand but could not identify it.  Rizzo reported that the fight ended when Montgomery hit Tarr in the head with a brick on Tarr's porch.
>
> City Medic 3 transported Tarr to Mercy Hospital for further treatment.  Montgomery was not injured during the altercation, but expressed concern for his safety, as the actor is his next door [sic] neighbor.
>
> Due to the facts and circumstances surrounding this incident, I will request for the arrest of Leo Tarr.

We agree that this "'corrected' warrant affidavit . . . establish[ed] probable cause" to arrest Tarr for aggravated assault and harassment.[4]  Wilson, 212 F.3d at 789.  Under Pennsylvania law, "[a] person is guilty of aggravated assault if he[,]" inter alia, "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."  18 Pa. Cons. Stat. Ann. § 2702(a)(4).  In addition, "a person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person[,]" inter alia, "strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]"  18 Pa. Cons. Stat. Ann. § 2709(a)(1).

Here, the warrant affidavit contained statements from a witness, Rizzo, who saw the altercation from across the street.  Rizzo stated that Tarr, who had an object in his hand, swung at Montgomery.  In addition, Montgomery told Officer Ruiz that Tarr was the initial aggressor and that Tarr lunged at Montgomery twice with a brick in an attempt

---

[4] Tarr takes issue with several aspects of the reconstructed affidavit.  For instance, he alleges that it should have omitted all of Montgomery's statements to the police.  But Tarr has not demonstrated that inclusion of those statements was improper.  In fact, contrary to Tarr's belief, omission of Montgomery's statements likely would have constituted a reckless disregard for the truth.  See Dempsey, 834 F.3d at 468 (stating that "we [cannot] exclude from the probable cause analysis unfavorable facts an officer otherwise would have been able to consider").  Tarr also asserts that additional details should have been incorporated into the affidavit.  In particular, Tarr claims that the affidavit should have noted that "prior to the attack he was taking pictures of Montgomery over a court dispute regarding parking," that "a physical altercation . . . initially occurred on the lawn of Tarr's property," and that "Montgomery . . . hit Tarr over the head a second time."  Notably, though, the corrected affidavit already acknowledged that the initial dispute was over a parking spot, that the altercation took place on Tarr's property, and that Montgomery had hit Tarr with a brick.  Thus, the inclusion of the details identified by Tarr "would not be sufficient to prevent a fact-finder from concluding that the reconstructed affidavit still established probable cause." Andrews v. Scuilli, 853 F.3d 690, 703 (3d Cir. 2017).

6

to hit him.  Notably, we have emphasized that "[w]hen a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest."  Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997), abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007)).  Although Montgomery's claim that Tarr hit his head when he fell into a retaining wall conflicts with Tarr's 911 call and Rizzo's statement that the altercation ended when Montgomery hit Tarr in the head with a brick, the probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence.  Wright, 409 F.3d at 603.  Furthermore, there is no "[i]ndependent exculpatory evidence or substantial evidence of [Montgomery's] own unreliability" concerning Tarr's assault.  Wilson, 212 F.3d at 790.  To the contrary, Montgomery's account of being assaulted by Tarr was corroborated by Rizzo.  And even if Tarr acted in self-defense and Montgomery also committed a crime, probable cause still existed.  See Paez v. Mulvey, 915 F.3d 1276, 1286 (11th Cir. 2019) (holding that "an affirmative defense to an alleged crime does not necessarily vitiate probable cause").  In sum, viewing the evidence in the light most favorable to Tarr, we conclude that the District Court properly granted summary judgment on Tarr's false arrest and malicious prosecution claims on the basis that the corrected affidavit was sufficient to establish probable cause.  Accordingly, we will affirm the District Court's judgment.

7