

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2003

# McCabe v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McCabe v. Philadelphia" (2003). *2003 Decisions.* Paper 239.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4498

WILLIAM MCCABE,

Appellant

v.

CITY OF PHILADELPHIA; SUSAN KACHNYCZ, Philadelphia Detective; JOHN
DOE, CAPTAIN; JOHN DOE, LIEUTENANT; SERGEANT JOHN DOE; JOHNS DOE
#S1-5, PHILADELPHIA DETECTIVE; JOHN DOE #S1-5, PHILADELPHIA POLICE
OFFICERS; ROBIN DEVLIN

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-03975)
District Court Judge: Hon. Ronald L. Buckwalter

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

Before: ALITO, BARRY, and AMBRO, <u>Circuit Judges</u>.

(Opinion Filed:  September 30, 2003)

OPINION OF THE COURT

ALITO, <u>Circuit Judge</u>:

William McCabe brought this action under 42 U.S.C. § 1983 following the Philadelphia police's intervention in McCabe's dispute with his estranged wife, Robin Devlin. McCabe separated from Devlin in May of 1999, and on July 5 Devlin obtained an emergency Protection From Abuse ("PFA") order against McCabe from the Philadelphia Court of Common Pleas. This order prohibited McCabe from harassing Devlin or visiting her home. During the seven-day period in which the PFA was in effect, Devlin reported to the police that McCabe had violated the order by repeatedly telephoning her and following her home. Philadelphia Police Detective Susan Kachnycz confirmed that a PFA was in effect and swore out an affidavit of probable cause for an arrest warrant. The PFA expired on July 12, the arrest warrant was issued on July 29, and police arrested McCabe on August 3. After the arrest, Devlin complained to the police that McCabe continued to telephone her from jail, and additional charges were filed against him for witness intimidation. Devlin never appeared to press charges against McCabe, however, and all charges were dismissed. Police arrested McCabe again in 2000 for attempting to kidnap Devlin's daughter.

McCabe sued the city, Kachnycz, and Devlin. His section 1983 claim alleged false arrest and malicious prosecution stemming from a conspiracy among Kachnycz and other officers. McCabe also argued for municipal liability on the ground that the city had maintained a policy of failing to train officers regarding probable cause. The District

-2-

Court granted summary judgment to Kachnycz and the city, holding that Kachnycz had probable cause to arrest McCabe and that section 1983 cannot support municipal liability when probable cause exists. Citing 42 PA. CONS. ST. § 8541 et seq., the Court also found Kachnycz immune from suit for McCabe's state-law claims for false imprisonment, malicious prosecution, and intentional infliction of emotional distress. The Court declined to exercise supplemental jurisdiction over the claims against Devlin. McCabe appeals the grant of summary judgment to the city, arguing that no probable cause existed for the August 3 arrest or for the additional charges arising out of his contact with Devlin while in custody. He does not contest the remainder of the District Court's decision. We exercise plenary review over a grant of summary judgment. See Merkle v. Upper Dublin School Dist., 211 F.3d 782, 788 (3d Cir. 2000).

In order to establish section 1983 municipal liability, a plaintiff must first establish that the "plaintiff's harm was caused by a constitutional violation." Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). In this case, we agree with the District Court that McCabe did not suffer a constitutional violation because the police had probable cause to arrest him. See Baker v. McCollan, 443 U.S. 137, 142–44 (1979); Estate of Smith v. Marasco, 318 F.3d 497, 521–22 (3d Cir. 2003); Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by

the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995). McCabe denies violating the PFA and consequently disputes that the violation was a "fact[] . . . within [Kachnycz's] knowledge," id., and he also argues that Kashnycz and the police were required to verify independently that "the facts contained in [Devlin's] PFA petition [we]re true." Both arguments lack merit.

The record plainly discloses that McCabe admitted visiting Devlin's home during the week the PFA was in effect. See app. at 68 ("It was a Wednesday between . . . the 5th and 12th . . . . I went over to her house. . . ."). Furthermore, because police arrested McCabe pursuant to a facially valid warrant, we may only find probable cause lacking if

> (1) . . . the police . . . "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) . . . "such statements or omissions are material, or necessary, to the finding of probable cause."

Wilson v. Russo, 212 F.3d 781, 786–87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). The statements in Kachnycz's affidavit of probable cause which were "material, or necessary, to the finding of probable cause," id., were (1) that a PFA, which prohibited McCabe from visiting Devlin's home, was in effect during the week of July 5, 1999, and (2) that three witnesses reported seeing McCabe on Devlin's premises during that week. See app. at 716–17. We discern no recklessness on Kachnycz's part towards the veracity of either statement. Whether Devlin obtained the PFA on false pretenses is immaterial. The gratuitous accusations throughout McCabe's briefs about Devlin's personal life are likewise immaterial to this action. Because police

-4-

had probable cause to arrest McCabe, his constitutional rights were not violated and an action under section 1983 cannot be maintained. We therefore affirm the District Court in full.

_____

       /s/ Samuel A. Alito, Jr.
Circuit Judge