

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# Knight v. Penns Grove

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Knight v. Penns Grove" (2002). *2002 Decisions.* Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-4346

———————

DANNY KNIGHT,

<u>Appellant</u>

v.

BOROUGH OF PENNS GROVE;
THOMAS BUTLER, P.O.
(in official and individual capacities)

———————

On Appeal from the Untied States District Court
for the District of New Jersey
(D.C. Civil No. 99-cv-02315)
District Judge: Hon. Stanley S. Brotman

———————

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2002

Before: BARRY, AMBRO and COWEN, <u>Circuit Judges</u>

(Filed: October 30, 2002)

———————

OPINION

———————

COWEN, <u>Circuit Judge</u>

On January 16, 1997, William Clevenger was assaulted and robbed at gunpoint

outside a bar in Penns Grove, New Jersey. Appellant Danny Knight was later arrested for

participating in the attack. Knight's arrest followed an investigation conducted by Appellee Thomas Butler, a police officer in the Appellee Borough of Penns Grove (the "Borough"). Butler's investigation centered on Clevenger's repeated identifications of Knight as one of his assailants, and his signed statement attesting to Knight's participation in the attack. Based on Clevenger's statements, Butler swore out warrants against Knight, and turned his investigation materials over to the Salem County Prosecutor's Office, which in turn presented the matter to a grand jury. Clevenger testified before the grand jury, and again identified Knight as participating in the assault.

After the grand jury returned a seven-count indictment, Knight moved to dismiss the charges, arguing that exculpatory evidence in the prosecutor's possession was withheld. In particular, Knight pointed to the six-week gap between the attack and Clevenger's identification of Knight as a suspect, and Clevenger's high blood-alcohol content at the time of the assault. The Salem County Prosecutor's Office declined to oppose Knight's motion, and the indictment was dismissed.

Knight then filed a federal civil action against Officer Butler and the Borough alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution and New Jersey state law, predicated on 42 U.S.C. § 1983. The District Court granted the defendants' motions for summary judgment and dismissed Knight's claim in its entirety.

**I.**

Knight filed a timely notice of appeal challenging the entry of summary judgment, raising essentially two questions for review. First, Knight argues that the District Court erred in determining that his arrest and indictment were supported by probable cause, making summary judgment against his Fourth Amendment, Fourteenth Amendment, and malicious prosecution claims improper. Second, he argues that disputed material facts surround his allegation that Butler's deficient investigation resulted from the Borough's deliberate disregard of adequate police training. The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

We exercise plenary review of the District Court's order granting summary judgment in favor of the defendants. Torres v. McLaughlin, 163 F.3d 169, 170 (3d Cir. 1998). Summary judgment is appropriate where there exists no genuine issue as to any material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to Knight, drawing all reasonable inferences in his favor. Torres, 163 F.3d at 170.

## II.

Knight first challenges the District Court's grant of summary judgment in favor of the defendants regarding his § 1983 allegations under the Fourth and Fourteenth Amendments, and his § 1983 claim for malicious prosecution. As we explain below, though styled as separate arguments, Knight's claims all center on the District Court's determination that probable cause supported his arrest and indictment.

## A.

3

Knight argues that Butler initiated a criminal arrest without probable cause in violation of his rights under the Fourth Amendment. The Fourth Amendment prohibits arrest without probable cause. Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995). Probable cause to arrest exists when the facts and circumstances known to the arresting officer are sufficient to warrant a reasonable person to believe that an offense has been committed by the suspect. United States v. Stubbs, 281 F.3d 109, 122 (3d Cir. 2002); Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000). Although the existence of probable cause in a § 1983 case is usually a question of fact, summary judgment is appropriate when the evidence, viewed in the light most favorable to the plaintiff, could not support a determination that an officer lacked cause to arrest. Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997); Sherwood v. Mulvihill, 113 F.3d 396, 402 (3d Cir. 1997). As correctly stated by the District Court, the grand jury indictment against Knight "establishes probable cause by definition . . . ." Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 251 (3d Cir. 2001); United States v. A Parcel of Land, Bldgs., Appurtenances, & Improvements, Known as 92 Buena Vista Ave., Rumson, New Jersey, 937 F.2d 98, 101 (3d Cir. 1991). Moreover, the indictment was supported by Clevenger's testimony before the grand jury naming Knight as his assailant. In addition, a positive identification by a victim witness is usually sufficient alone to establish probable cause. Wilson, 212 F.3d at 790.

We have held, however, that the routine probable cause analysis requires weighing the "strongest inculpatory evidence" offered by a positive victim identification against any available exculpatory evidence. Id. at 791. Knight points to four exculpatory facts not

4

presented to the grand jury: 1) the conflicting identification of Clevenger's attackers given by the bartender at the scene; 2) Clevenger's elevated blood alcohol level at the time of the attack; 3) Clevenger's possession of cocaine at the time of the attack; and 4) the length of time between the attack and Clevenger's identification. While these facts are not insignificant, they are not sufficient to undermine Clevenger's positive identification, particularly in light of Clevenger's familiarity with Knight based on their prior residence, and their conversation on the night of the attack.

Alternatively, Knight argues that under our holding in Wilson, Butler had an affirmative duty to inform the grand jury of these exculpatory facts during his testimony. Knight's reliance on Wilson is misplaced. In Wilson, we addressed a claim for false arrest involving a warrant procured by allegedly false statements or material omissions to a judge. Id. at 786-87. That analysis is not applicable in this case where Officer Butler did not apply separately for an arrest warrant, but relied solely on the grand jury's indictment. Finally, we note that Knight presented no evidence that Butler withheld these exculpatory facts from the Salem County Prosecutor's Office.

We conclude that the District Court correctly found that there was insufficient evidence from which a jury could reasonably find that Officer Butler lacked probable cause to arrest Knight.[1]

---

[1] For this same reason, we find no merit in Knight's related argument that Officer Butler violated his right of procedural Due Process by withholding exculpatory evidence.

**B.**

Knight next argues that the District Court erred in relying on state common law in granting summary judgment against his malicious prosecution claim. Knight's complaint alleged two separate counts of malicious prosecution, one under the common law of New Jersey, and one under § 1983. In granting the defendants' motion for summary judgment, the District Court considered only Knight's state law allegation, without discussing the separate standard applicable to § 1983 claims.

In Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782 (3d Cir. 2000), we noted that the Supreme Court's decision in Albright v. Oliver, 510 U.S. 266 (1994), cast doubt on our earlier decisions adopting common law malicious prosecution as the test in a § 1983 action. Accordingly, we held that a claim of malicious prosecution under § 1983 must be based on a provision of the Bill of Rights providing "an explicit textual source of constitutional protection," and not merely substantive due process. Merkle, 211 F.3d at 792 (quoting Albright, 510 U.S. at 272). The District Court's opinion did not consider this separate legal standard.

Nonetheless, summary judgment in favor of the defendants on Knight's § 1983 malicious prosecution claim was correct. While Knight's claims under the Fourth Amendment and the procedural component of the Fourteenth Amendment are proper bases for a malicious prosecution claim under § 1983, each fails as a matter of law. Without a cognizable allegation of constitutional harm, Knight's federal malicious prosecution claim

6

cannot proceed.[2]

## III.

Finally, Knight argues that he raised disputed issues of material fact regarding his allegation that Butler's deficient investigation resulted from the Borough's policy of inadequate police training. The District Court found that despite the Borough's "abject failure to adequately train its police force," Knight failed to demonstrate a constitutional wrong under § 1983.[3]

Section 1983 does not create any substantive rights, and provides only a remedy for the violation of rights under federal law. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Municipality liability under § 1983 for a failure to adequately train its police officers requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978); Groman, 47 F.3d at 637. Knight has not sustained his claims under the Fourth or Fourteenth Amendments, and hence lacks a constitutional injury. The District Court's grant of the Borough's motion for summary judgment on this claim was therefore warranted.

## VI.

For the foregoing reasons, the judgment of the District Court entered on November

---

[2] Knight does not appeal the District Court's decision granting summary judgment in favor of the defendants on his state law malicious prosecution claim, hence we do not review that determination.

[3] The Borough conceded that it failed to adequately train Officer Butler regarding his investigation of Knight. App. at 417.

30, 2001 will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Robert E. Cowen_____
United States Circuit Judge