

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2004

# Johnson v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4756

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Johnson v. Watson" (2004). *2004 Decisions.* Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4756
_____

SILAS DARNELL JOHNSON,
Appellant

v.

GREG WATSON, individually and as a Pennsylvania State Trooper;
DONALD MAYES, individually and as a Police Officer with the
Williamsport Bureau of Police

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-01722)
District Judge: The Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

Before: NYGAARD, AMBRO, and VAN ANTWERPEN, Circuit Judges.

(Filed November 2, 2004)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Silas Darnell Johnson filed a §1983 claim against Greg Watson, a Pennsylvania State Police Trooper, and Donald Mayes, an officer with the Williamsport Bureau of Police (collectively "Officers"), alleging that he was arrested without probable cause and that the Officers used excessive force in his arrest. In addition to the federal claims, Johnson brought pendent state claims for false arrest and infliction of emotional distress. The District Court granted summary judgment regarding the arrest without probable cause and excessive force claims and dismissed the state claims. Johnson appeals, asserting that the District Court erred in granting summary judgment. We disagree and will affirm.

I.

The District Court had jurisdiction under 28 U.S.C. §§1331, 1343, and 1367. A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Appellate jurisdiction exists under 28 U.S.C. §1291. We "exercise plenary review over an order granting summary judgment . . . and we apply the same standard that

2

the District Court should have applied." *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001).

II.

We briefly recount the relevant facts. On February 20, 2002, Defendant Officers went to Johnson's residence and, upon executing an arrest warrant regarding drug trafficking, took him into custody. The Officers were assigned to execute an arrest warrant for Johnson; however, neither Officer had previous involvement in this case before the issuance of the warrant. The Officers went to the location that was listed on the warrant, 504 Park Avenue, Williamsport, PA, and spoke to an African American female who told them that no one by the name of Silas Darnell Johnson lived at that address.

The Officers returned to the Williamsport Police Department to attempt to locate a valid current address for Johnson. Officer Mayes searched a database and found an address on Green Street for Johnson, which was not far from the Park Avenue address. At that location, the current resident told the Officers that there was no one by the name of Silas Darnell Johnson living there, and that the Officers should check with the landlord next door. The landlord told the Officers that a Silas Darnell Johnson previously lived there, but he did not have any information as to Johnson's current whereabouts. He also told the Officers that Johnson's father lived nearby on Park Avenue. The Officers then proceeded to Johnson's father's residence, where Johnson's father told the Officers that

3

his son was associated with the Ebenezer Baptist Church, a few blocks away on Park Avenue. A woman at the church answered the door and directed the Officers to 723 Elmira Street.

Once the Officers arrived at the Elmira Street address, Johnson answered the door and invited the Officers inside. Upon the Officers' request, Johnson provided photo identification, which Johnson admitted matched the Officers' photo of him. The Officers then showed Johnson the warrant, read him his rights, and placed him under arrest. Johnson informed the Officers that they were making a mistake because he was a minister-in-training, an advocate against drug use, and that he was not involved in any illegal drug transactions at 504 Park Avenue. Johnson also stated that the address and phone number on the arrest warrant were incorrect. The Officers told Johnson that if there was a mistake, they would get it cleared up downtown. Johnson continued to claim his innocence while he was placed in handcuffs and escorted to the Police station.

At some point while at Johnson's residence, Officer Mayes asked Johnson whether he knew anyone by the name of Daniel Pruitt, to which Johnson replied that he did not. Johnson alleges that he told the Officers that the handcuffs were hurting his wrists, first on the way to the station and again after he was processed. Later, Johnson sought treatment for the swelling of his left wrist and was prescribed some anti-inflammatory medication, but he could not recall the dosage or the duration of treatment.

4

Johnson was arraigned and released on signature bail. Johnson later contacted State Trooper Burcher, who had obtained the arrest warrant, to inform him of the mistake. The following day, Officer Burcher investigated and withdrew the charges against Johnson because he was convinced that there was a misidentification on the arrest warrant.

III.

Johnson filed suit alleging that the Officers violated his civil rights under the Fourth and Fourteenth Amendments by arresting him without probable cause and using excessive force in the process. Johnson also brings two pendent state claims for false arrest and infliction of emotional distress. The Officers filed a Motion for Summary Judgment on all claims and raised the defense of qualified immunity. The District Court found that objectively reasonable police officers, acting pursuant to a facially valid warrant, and who arrest the individual described in the warrant, are entitled to qualified immunity for their actions. The District Court granted the Officers' Motion for Summary Judgment on all of Johnson's federal claims and then dismissed the remaining pendent state claims. The Court stated that its finding took full consideration of the fact that, at some point during the investigation and arrest, the Officers began to doubt that they were arresting the person sought for the crime. The Court reasoned, however, that police officers cannot be held to an impossible standard when the facts indicate that they are acting in good faith as objectively reasonable officers would act in similar circumstances.

5

IV.

Johnson contends that the Officers violated his Fourth Amendment right to be free from unreasonable seizures when they arrested him because they lacked probable cause. The fact that the police may not make an arrest except upon probable cause has been clearly established under the Fourth Amendment. *Orsatti*, 71 F.3d at 483. This Court has stated that "[a]lthough the existence of probable cause in a Section 1983 case is usually a question of fact, summary judgment is appropriate when the evidence, viewed in the light most favorable to the plaintiff, could not support a determination that an officer lacked cause to arrest." *Knight v. Borough of Penns Grove*, No. 01-4346, 2002 U.S. App. LEXIS 22620, *94 (3d Cir. 2002).

The Officers claimed that they were immune from suit because they were acting pursuant to a facially valid warrant. The District Court granted the Officers' Motion for Summary Judgment, reasoning that they acted as objectively reasonable police officers would have acted under the circumstances and therefore were entitled to qualified immunity. The Supreme Court has stated that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, the central issue is whether the Officers had probable cause to arrest

6

Johnson. If probable cause exists, then there is no necessity for further inquiries concerning qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

We agree with the District Court's finding that the Officers had probable cause to arrest Johnson and therefore did not violate clearly established law. The Officers executed a facially valid arrest warrant for Johnson. The information regarding Johnson, including his name, photo, his date of birth, and social security number, gave the Officers every indication that the warrant was intended for Silas Darnell Johnson. The sole inaccuracy was Johnson's address, which the Officers thought was insignificant due to the fact that drug dealers often change addresses, sell from places other than their homes, and fail to notify authorities of their new addresses. To say that Johnson turned out not to be the person who had sold the drugs in the investigation is not the same as saying that he was not the person for whom the arrest warrant was directed. The Supreme Court has recognized that it is inevitable that law enforcement officers will, in some cases, reasonably, but mistakenly, conclude that probable cause to make an arrest is present and that in these cases those officers will not be held personally liable. *Orsatti*, 71 F.3d at 483 (citing *Anderson v. Creighton*, 483 U.S. 635, 641) (1987)). It cannot be said that no reasonable police officer in the same position as Watson or Mayes would not have come to the same conclusion. Accordingly, the Officers are shielded by qualified immunity.

V.

7

Johnson also appeals the District Court's decision concluding that the manner in which the handcuffs were placed on him was not an excessive use of force. He asserts that the District Court improperly made its ruling on this issue purely on the basis of credibility, finding the Officers' account to be more credible than his own.

The Supreme Court has stated that in an excessive force claim the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The District Court correctly applied an objective reasonableness test and evaluated the claim under the totality of the circumstances. The Court considered the following information that Johnson had provided regarding his excessive force claim: that Johnson had twice complained to the Officers that the handcuffs were too tight; that he sought medical treatment and was prescribed medication for the swelling; and that he could not recall the amount or duration that he took the medication. Likewise, the Court considered information regarding this claim from the Officers. The declaration of Officer Mayes stated that he had placed handcuffs on Johnson and checked them to assure he could place a finger between the cuffs and Johnson's wrists. Also, it is not disputed that Johnson was fully cooperative during the arrest; therefore Officer Mayes stated that since Johnson was not resisting, it was not necessary to place the handcuffs on him tightly. The District Court improperly weighed the evidence and found the Officers' account of the force used to be

more credible.  This finding was error at the summary judgment stage.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Nevertheless, taking the facts in the light most favorable to Johnson, it is clear that the officers used the minimum amount of force necessary to take Johnson into custody.

## VI.

For the reasons set forth above, we will affirm the District Court's order granting Summary Judgment.

_____