

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# Cummings v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Cummings v. Philadelphia" (2005). *2005 Decisions.* Paper 937.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/937

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-2974

GREGORY CUMMINGS;
SHIRLEY BAKER

v.

CITY OF PHILADELPHIA;
TED RYAN; KATHERINE SESSIONS

Gregory Cummings,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-0034)
District Judge: Hon. Herbert J. Hutton

Argued June 2, 2005

BEFORE: FUENTES, GREENBERG and COWEN, Circuit Judges

(Filed: June 30, 2005)

Tshaka H. Lafayette, Esq. (Argued)
Lafayette & Associates
21 South 12th Street
Suite 1050
Philadelphia, PA 19107

Counsel for Appellant

Elise M. Bruhl, Esq.
City of Philadelphia
Law Department
1515 Arch Street
One Parkway
Philadelphia, PA 19102

Counsel for Appellees

_____

OPINION

_____

COWEN, Circuit Judge.

Gregory Cummings appeals the District Court's order denying his motion for leave to file a second amended complaint and granting Defendants, Detective Ted Ryan and the City of Philadelphia's, Motion for Summary Judgment. Cummings contends that the District Court: (1) abused its discretion by denying his motion to amend his complaint as he sought only to provide additional information and was not introducing a new cause of action; (2) erred in holding that the warrant application, as a matter of law, established sufficient probable cause to support the issuance of the warrant despite certain omissions; (3) erred in not finding liability based on the false statements contained in the criminal complaint which was affirmed by Detective Ryan and submitted as part of the application for the arrest warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm. As we write solely for the parties, we only provide a brief recitation of the facts.

Gregory Cummings was arrested on January 2, 2001, pursuant to two warrants obtained by Detective Ryan. The first warrant, No. 254514, arose out of complaint made by Katherine Sessions, his ex-girlfriend, alleging that Cummings broke her front window and left a threatening note. The note concerned their nine year old son over whom there was an ongoing custody dispute.

The second warrant, No. 254785, arose out of a complaint made by Tiffany Robinson, Sessions' daughter. She explained that Shirley Baker and Gregory Cummings approached her in a car. After screaming out the window "[l]isten you little bitch, tell your mother to give me my grandson back, or I'll kill her," Baker fired a gun at her three times. (App. at 51a.) The day after the alleged incident, Detective Ryan interviewed the crossing guard who was working at the time of, and in the same vicinity as, the shooting. The crossing guard did not recall anything out of the ordinary occurring the previous day. Further, Detective Ryan did not find the gun shells at the scene of the alleged incident. Although Detective Ryan submitted an affidavit of probable cause in support of the issuance of the arrest warrant, he did not include these mitigating factors.

Following his arrest, Cummings remained in pretrial incarceration for 17 months and was ultimately acquitted of all charges.

Cummings filed a complaint on January 2, 2003 against the City of Philadelphia, Detective Ryan (together, the "Defendants") and Katherine Sessions.[1] A few months

---

[1] As the Defendants explain, the record does not indicate that Sessions was served with process or entered an appearance. Accordingly, she does not appear to be a party to

later, the complaint was amended to add Shirley Baker as a party plaintiff (together with Cummings, the "Plaintiffs"). The complaint included claims pursuant to 42 U.S.C. § 1983 for alleged Fourth Amendment rights violations. The District Court denied Plaintiffs' motion to file a second amended complaint and granted Defendants' motion for summary judgment. The District Court subsequently denied Plaintiffs' motion for reconsideration and Cummings brought this appeal.

We exercise plenary review over the District Court's order granting defendant's motion for summary judgment. *See Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 679 (3d Cir. 2003). We apply the same test required of the district court and view all of the evidence in the light most favorable to the non-moving party.

Cummings contends that Detective Ryan omitted the following facts from the affidavit of probable cause with reckless disregard for the truth: (1) Karo Sharpe, the school crossing guard on duty at the time of the shooting, reported to Detective Ryan the day after the shooting that she did not observe anything unusual the previous day; (2) Detective Ryan searched the alleged crime scene and did not locate the bullet casings; and (3) Detective Ryan never questioned Cummings about his whereabouts at the time of the alleged incident.

Generally, to prevail under a § 1983 claim, a plaintiff must establish that the defendant (1) acted under color of state law and (2) deprived the plaintiff of a right

---

the action and does not prevent judgment from being final. *See D.R. by L.R. v. Middle Bucks Vocational School,* 972 F.2d 1364, 1366 (3d Cir. 1992).

4

protected by the Constitution. *See Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To succeed on a § 1983 claim for a Fourth Amendment violation due to a false arrest, plaintiff must prove that (1) the officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotation marks and citations omitted); *see also, Franks v. Delaware*, 438 U.S. 154 (1978). Omissions are made with reckless disregard "if an officer withholds a fact in his ken that any reasonable person would have known that this was the kind of thing the judge would wish to know." *Wilson*, 212 F.3d at 788 (internal quotation marks and citations omitted).

The District Court concluded that although Detective Ryan had no responsibility to report that he never questioned Cummings on his whereabouts, he did act "with reckless disregard of the truth by omitting exculpatory facts about the crossing-guard and the bullet casings from the affidavit of probable cause." (App. at 16A.) However, the Court found that the omissions were not "material or necessary, to the finding of probable cause," because even after inserting the omitted facts the warrant establishes probable cause. (App. at 17-18.) Accordingly, the Court granted Defendant's motion for summary judgment.

Cummings asserts that the District Court erred by holding that the omissions contained in the affidavit of probable cause were not materially sufficient to undermine a finding of probable cause. He further argues that the District Court erred "by interpreting the fact that Baker was accused of shooting at Robinson in a manner unfavorable to Cummings." (Appellant's Br. at 27.) We disagree.

The District Court properly concluded that the omissions were made with reckless disregard for the truth. We also agree with the District Court's conclusion that the omissions were not material. The test for determining materiality is to insert the facts recklessly omitted and determine whether the "corrected" warrant establishes probable cause. *Wilson*, 212 F.3d at 789 (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). In assessing whether probable cause exists, the inculpatory evidence should be weighed against the exculpatory evidence to determine whether a reasonable person would believe an offense has been committed by the suspect. Here, as the District Court explained:

> [T]he strongest inculpatory evidence is the positive identification of Plaintiffs by the victim Tiffany Robinson. There is also evidence of the custody dispute and the protection from abuse order issued against Cummings. The exculpatory facts recklessly omitted by Detective Ryan concern the lack of evidence from the crime scene, including the crossing guard's statement and the lack of bullet shells.

(App. at 17A.) These exculpatory facts are insufficient to vitiate the probable cause established by the inculpatory evidence.

6

We find Cummings' alternative argument meritless—the District Court did not interpret the fact that Baker was accused of shooting at Robinson in a manner unfavorable to him. Rather, there was sufficient evidence for a reasonable person to conclude that Cummings was involved in the alleged shooting offense. Accordingly, the District Court did not err in granting Defendant's motion for summary judgment.

Because we affirm the District Court's conclusion that there was probable cause to support the issuance of the arrest warrant involving the shooting incident as a matter of law, Cummings' request to amend his complaint to add additional facts involving the other arrest warrant is dismissed as moot. Cummings cannot maintain a cause of action for unlawful arrest under the warrant involving the broken window because he was lawfully arrested under the warrant involving the shooting incident.

Similarly, because we affirm the District Court's finding that the affidavit provided sufficient probable cause to support the issuance of the warrant, we dismiss as moot Cummings' argument regarding liability based on the false statements contained in the criminal complaint.[2] So long as the affidavit of probable cause provided adequate support for the warrant, any defects in the criminal complaint would not vitiate that finding of probable cause.

_____

[2] We refrain from determining whether the District Court erred in finding that "Detective Ryan's potential liability lies only in the Affidavit of Probable Cause, the document he prepared," and not in the Criminal Complaint prepared by the District Attorney's Office. (App. at 14A, n.8.)

For the foregoing reasons, we will affirm the order of the District Court granting Defendants' motion for summary judgment and denying Plaintiffs' motion to file a second amended complaint.