

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# Mickey Young v. City of Wildwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mickey Young v. City of Wildwood" (2009). *2009 Decisions.* Paper 1502.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1502

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-299                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2035
_____

MICKEY YOUNG,
                                                  Appellant

v.

CITY OF WILDWOOD; JOSEPH FISHER; DAVID SPIEGEL;
PAUL A. ZIELINSKI; JOHN DOES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-03399)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008

Before: MCKEE, RENDELL AND SMITH, Circuit Judges

(Opinion filed   April 22, 2009)
_____

OPINION
_____

PER CURIAM

    Mickey Young, proceeding pro se, appeals the District Court's order granting

summary judgment in favor of defendants.  For essentially the reasons provided by the

District Court in its Memorandum Opinion, we will summarily affirm the judgment of the District Court.

On July 7, 2005, Young, through counsel, filed a complaint pursuant to 42 U.S.C. § 1983 against the following defendants: the City of Wildwood; Joseph Fisher, Chief of Police for the City of Wildwood Police Department ("Police Department"); Daniel Spiegel, a lieutenant for the Police Department; Paul A Zielinski, a police officer for the Department; and other unknown and unnamed John Does. As the parties are familiar with the facts underlying Young's complaint, we will only briefly revisit them here. Defendants Zielinski and Spiegel were dispatched to the rear parking lot of Alfe's Restaurant located on New Jersey Avenue, Wildwood, New Jersey, in the early morning hours of September 27, 2003. Frank Alfe, the son of the owner of Alfe's Restaurant, placed a call to the Police Department to report an individual attempting to burglarize a white Infiniti automobile that was parked in the lot behind the restaurant. According to Officer Zielinski, after receiving the call from the dispatcher, he drove to Alfe's Restaurant where he was met outside by Frank Alfe – an individual whose identity was known by the officers of the Wildwood Police Department. At that time, Frank Alfe informed Officer Zielinski that a black male wearing a white shirt and white headband or nylon skull cap had been observed trying to break into his mother's car. Officer Zielinski also stated that Alfe told him that the officer had just driven past the suspect. Officer Zielinski promptly got back into his car and radioed this information to Officer Spiegel

2

who was also responding to the dispatcher's call.

Officer Spiegel testified that he saw Young on a nearby corner and, given that Young fit the description of the suspect, he stopped Young and asked him his name. Young did not provide his name nor did he respond in any manner when Officer Spiegel informed him about the reported attempted burglary. Officer Zielinski, who by then arrived at the spot where Officer Spiegel and Young were standing, approached Young and also asked him his name. The defendant Officers stated that, after refusing several requests to furnish his name, Young finally responded that his name was "Mickey Mouse." The defendant Officers also stated that at this point Young was handcuffed, placed in the backseat of a police car, and driven approximately 500 feet to the parking lot behind Alfe's Restaurant where Frank Alfe identified him as the man he saw attempting to break into his mother's car.

Young's version of the events leading up to his arrest differ from that of the defendant Officers and Frank Alfe. According to Young, he traveled to Wildwood, New Jersey, on September 26, 2003, at around 10:00 p.m. and had one or two alcoholic drinks at the Sportsmen Bar. After an hour or two, he left the Sportsmen Bar and visited at least two or three other bars where he had additional drinks. At around 3:15 a.m., Young testified that he left the bar and was walking through the parking lot behind Alfe's Restaurant when he was approached by Frank Alfe, who inquired as to whether Young had any drugs. After informing Alfe that he did not have anything, Young stated that he

3

continued walking through the parking lot toward the Sportsmen Bar to retrieve his car. It is at this point that Young was approached by Officer Spiegel who asked him his name. Young testified that he did not respond to Officer Spiegel's requests that he provide his name. After Officer Zielinski arrived and the defendant Officers asked Young three or four times for his name, Young stated that he eventually told them his proper name. Though Young did not specifically recall what he stated in reply to the Officers' statement about a burglary in the area, he stated that he probably said "I didn't do it, I didn't break into any car." At no time did Young inform the officers of Alfe's proposed drug transaction. While Young testified in a deposition that he was then taken to the Wildwood Police Station, he testified during an earlier court proceeding that they went back to the restaurant parking lot before going to the police station.

Young was charged with attempted burglary and was eventually taken to the police station where a set of fingerprints were obtained. Contrary to Officer Zielinski's statement, Young denied that he kept pulling his fingers away so that the officer could not get a clear print and causing the officer to use four print cards before a clear set was obtained. When questioned as to whether Officer Zielinski told him that his refusal to sign the fingerprint card would result in an additional charge of obstruction of justice, Young responded that "maybe he did, maybe he didn't." Shortly thereafter, Young was taken to the Cape May County Jail and was released after posting 10% of his $25,000 bail. The Cape May County Prosecutor's Office subsequently downgraded the charge of

4

attempted burglary to a charge of disorderly conduct. Following a trial in the Wildwood Municipal Court on February 4, 2004, Young was found not guilty of disorderly conduct but guilty of the obstruction of justice charge. In a summary order issued on July 12, 2004, the New Jersey Superior Court acquitted Young of the obstruction of justice charge.

As noted previously, Young filed the underlying civil rights action in July of the following year and defendants ultimately sought to have summary judgment entered in their favor. At this point in the proceedings, the only claims being pursued by Young were his claims that Lieutenant Spiegel and Officer Zielinski violated his Fourth Amendment rights by arresting him on charges of attempted burglary and obstruction of justice without probable cause. See Young's Brief in Opposition to Defendants' Motion for Summary Judgment at 3 ("[T]he summary judgment record narrow's Plaintiff's constitutional probable cause to arrest claim to Defendants Paul A. Zielinski and Daniel Spiegel. Plaintiff's opposition to the summary judgment application shall therefore focus on his arrest by Zielinski and Spiegel for attempted car burglary and obstruction of justice."). With respect to these issues, the District Court determined that defendants Spiegel and Zielinski did not violate Young's Fourth Amendment rights insofar as the facts and circumstances known by the officers at the time of his arrest established the existence of probable cause to arrest Young for the crimes of attempted burglary and obstruction of justice. We agree.

5

Typically, "the question of probable cause in a section 1983 damage suit is an issue for the jury." Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998). However, a District Court may conclude that probable cause exists as a matter of law and grant summary judgment if the evidence, when viewed in the light most favorable to the plaintiff, would not reasonably support a contrary factual finding. Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997). Additionally, "it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with ... or whether a person is later acquitted of the crime for which she or he was arrested." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005)(internal citations and quotations omitted). On the record presented, we can find no fault with the District Court's conclusion that Officers Spiegel and Zielinski had probable cause to arrest Young for the crime of attempted burglary. See N.J.S.A. 2C:18-2(a) and 2C:5-1(a).

As this Court has previously determined, "[p]olice have probable cause to arrest if the circumstances are sufficient to cause a prudent person to believe that a crime has been committed and the person to be arrested committed it. Probable cause is determined by the totality of the circumstances. We must assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest in determining if probable cause existed." United States v. Stubbs, 281 F.3d 109, 122 (3d Cir. 2002) (internal quotation marks and citations omitted). Given the facts and circumstances known by the defendant Officers at the time

of Young's arrest as set forth by the District Court, especially in its Memorandum Opinion at pages 12 through 16 (which we need not repeat at length here), there can be little doubt that the circumstances were sufficient to cause a prudent person to believe that an attempted burglary had been committed and that Young was involved. Young fit the description of the suspect provided by an eye witness, was positively identified by the witness at the scene, was located by the police approximately 500 feet from the parking lot shortly after they received a call about an attempted burglary in that same lot, and remained uncooperative with the officers who were conducting a valid investigatory stop.

Young's subsequent allegation that Alfe, who was a known drug user, proposed a drug transaction in the parking lot does little to defeat a probable cause determination considering Young's failure to bring this allegation to the officers' attention during the on-scene investigation or at the time during his arrest, and given the fact that he failed to provide any evidence that the officers had any reason to believe that Frank Alfe was under the influence of drugs at the time Alfe called to report the incident or at any time during the ensuing investigation. See Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (3d Cir. 1998), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986) (nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment").

Young's challenge to the District Court's probable cause determination with respect to the charge of obstruction of justice under N.J.S.A. 2C:29-1(a) fares no better

and can be disposed of with little discussion. As the District Court properly concluded, Young failed to contest the officers' factual assertions that it took four attempts to obtain a clear set of prints from him because of his unwillingness to assist with the process and because of his deliberate actions in swiping and smearing his fingers on the card so that a clear print could not be taken. The District Court thus committed no error in concluding that Young's purposeful behavior in obstructing Officer Zielinski's attempts to fingerprint him established probable cause for the obstruction of justice charge.

Given the foregoing, we agree with the District Court's conclusion that, under the circumstances presented, no reasonable jury could find that Officers Spiegel and Zielinski lacked probable cause to arrest Young for attempted burglary and to subsequently charge him with obstruction of justice. The defendant Officers were therefore entitled to summary judgment. Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. Appellant's motion for the appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993).