**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2373
_____

IVY JO ECKMAN; ADRIAN SANCHEZ;
ALTHEA SANCHEZ

v.

LANCASTER CITY; C. LUCIANO, POLICE OFFICER;
JOSEPH GRAZCYK, POLICE OFFICER;
JAMES FATTA, POLICE OFFICER;
DAMON GREATHOUSE, POLICE OFFICER

Adrian Sanchez and Althea Sanchez,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-05454)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed:  July 1, 2013)
_____

OPINION
_____

PER CURIAM

Adrian Sanchez appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will affirm the District Court's judgment.

Because we write primarily for the parties and the District Court thoroughly set forth the factual background in its opinion, we will limit our discussion to the facts that are helpful to our analysis. In April 2004, Ivy Jo Eckman put her car in storage because she could no longer make the loan payments. Eckman failed to pay storage fees for her car, and it was sold at auction in February 2005, and titled and registered to the new owner. In April 2005, she went to the storage facility, and had Adrian Sanchez drive the car away. The storage facility reported the car as stolen. Eckman disputed whether the auction was procedurally proper and refused to return the vehicle. Sanchez and Eckman were both later arrested and charged with theft. The charges were eventually dismissed.

Represented by counsel, Eckman and Sanchez filed a civil rights complaint in the District Court for the Eastern District of Pennsylvania alleging claims of false arrest, failure to investigate, and malicious prosecution. Appellees filed for summary judgment. The District Court granted summary judgment for Appellees on all of Sanchez's claims, and Sanchez filed a pro se notice of appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the

---

[1] Some of Eckman's claims survived summary judgment but a jury found in favor of Appellees after a trial. Sanchez also states that he is appealing the jury's verdict in favor of Appellees on Eckman's claims. However, none of his claims were before the jury and he lacks standing to appeal the jury verdict. Eckman has already appealed the District Court's order granting summary judgment as well as the jury's verdict, and we affirmed the District Court's judgment with respect to her claims. See C.A. No. 11-2372. Althea Sanchez's appeal was dismissed for failure to pay the appeal fees.

nonmoving party.  Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011).  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Generally, the existence of probable cause for arrest is a question of fact.  Groman v. Twp. of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995).  However, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to the Plaintiff, reasonably would not support a contrary factual finding."  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotation and citation omitted).

On appeal, Sanchez argues that Appellees lacked probable cause to arrest him. Probable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that the offense has been committed.  Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995).  Mere suspicion is not enough for probable cause, but an officer is not required to have evidence to prove guilt beyond a reasonable doubt.  Id. at 482-83.  Where, as here, an arrest is made pursuant to a warrant, establishing a lack of probable cause requires a plaintiff to show "by a preponderance of the evidence:  (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause."  Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotations and citation omitted).  To determine whether an omission is material, we must predict whether a reasonable judge would conclude that a corrected affidavit was insufficient to establish probable cause.  Sherwood v. Mulvihill, 113

3

F.3d 396, 401 (3d Cir. 1997).

Sanchez asserts that the Appellees knew that the sale of the vehicle was improper and that Eckman had clear title to the car. The District Court analyzed whether a reasonable judge presented with a corrected affidavit that reflected all of the facts available to the officers on the date of Sanchez's arrest (described below), would conclude that there was probable cause to arrest Sanchez for theft.[2] The District Court determined that the fact that the auction was improper and that Sanchez believed Eckman owned the car did not negate probable cause. It observed that Eckman's payment to the lienholder did not undermine probable cause because she would be responsible for that loan regardless of who owned the car. It noted that the police could credit the more recent title of the new owner over the older copy Sanchez's sister provided. The District Court concluded that notwithstanding the defects of the auction and the copy of the title provided by Philomena Sanchez, there was probable cause to arrest Sanchez for theft based on the title history of the Pennsylvania Department of Transportation ("PennDOT").

We agree with the District Court that the Appellees had probable cause to arrest Sanchez. The probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence. Wright v. City of Philadelphia, 409 F.3d 595, 603 (3d Cir. 2005) ("The officers did not believe Wright's explanation for her entry. Although they may have made a mistake, their belief was not unreasonable in light of the information the officers possessed at the time.") Thus, the police were not required to accept Sanchez's

---

[2] Under Pennsylvania law, "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. Cons. Stat. § 3921(a).

assertions that he was unaware of the dispute surrounding the ownership of the car.[3] Given

that PennDOT had registered the car and given title to the new owner, the police were not

required to conclusively determine the question of whether the auction was improper or

whether any improprieties would impact the validity of the new owner's title. See Merkle, 211

F.3d at 790 n.8 ("[The officer] was not required to undertake an exhaustive investigation in

order to validate the probable cause that, in his mind, already existed.")

Sanchez also argues that the District Court erred in granting Appellees summary

judgment on his claims of malicious prosecution. However, a claim of malicious prosecution

requires a showing that the proceeding was initiated without probable cause. McKenna v. City

of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009). Because probable cause existed to arrest

Sanchez, Appellees were entitled to summary judgment on his claim of malicious prosecution

as well.

For the above reasons, as well as those set forth by the District Court, we will affirm the

District Court's judgment. Appellant's motion to proceed on the original record is granted.

Appellant's motion for oral argument is denied.

---

[3]  To the extent that Sanchez was not aware that the car had been auctioned off to a new owner, it is unfortunate that he was arrested due to Eckman's resorting to self-help instead of seeking return of the car through the appropriate channels.