**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 16-1270

——————

UNITED STATES OF AMERICA

v.

JUAN GORDON,
                                     Appellant

——————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:12-cr-00097-001)
District Judge: Honorable Cathy Bissoon

——————————————————

Submitted under Third Circuit LAR 34.1(a)
September 9, 2016

Before:  JORDAN, VANASKIE, AND KRAUSE, *Circuit Judges*,

(Opinion Filed: October 20, 2016)

——————

OPINION[*]

——————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Juan Gordon challenges the validity of a search warrant on the ground that the law enforcement officer who swore out the warrant provided the issuing judge with deliberately misleading information in the affidavit of probable cause. On that basis, Gordon contends that the District Court erred in denying him a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), so that he could further develop his claim that the evidence obtained from the search should have been suppressed. For the reasons that follow, we will affirm.

## I.    Background

In connection with an ongoing investigation into heroin distribution in Western Pennsylvania, Detective Christopher Minton applied for a warrant to search Gordon's person and car. In support of his application, Detective Minton submitted an affidavit of probable cause in which he averred, among other things, that he received information from a reliable "confidential source" that an individual was selling heroin to Damon Agurs, a known heroin distributor; that he conducted surveillance based on tips from this source and observed Agurs meet briefly with an individual on two different occasions; and that, after pulling the individual's car over, he was able to identify him as Appellant, Juan Gordon. According to the affidavit, Detective Minton determined from Gordon's criminal history that Gordon had multiple prior drug-related criminal convictions and was then on federal probation from a conviction for possession with intent to distribute 100 grams or more of heroin.

The affidavit further explained that, after receiving another tip from his "confidential source," Detective Minton set up a surveillance team and watched as Gordon and Agurs drove around the block in Gordon's car for approximately one minute before Gordon dropped Agurs off. Immediately following this meeting with Gordon, according to the affidavit, Agurs began driving a separate car before a team of officers pulled him over. During this stop, officers recovered 500 "stamp bags" of heroin from Agurs' person. At the same time Agurs was stopped, a different team of officers pulled over Gordon's car and deployed a drug-sniffing dog, who gave a positive identification for drugs near the door where Gordon was driving. The affidavit concluded by stating that, following these events, Gordon was detained and his car was "secured for a search warrant."

On the basis of this affidavit, the reviewing judge agreed that there was probable cause to search Gordon's person and car, and officers executing that warrant recovered a large quantity of cash and Gordon's cell phone. Gordon was later indicted on one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).

In connection with pre-trial motions and discovery, the Government informed Gordon's counsel that the "confidential source" referred to in Detective Minton's warrant affidavit was in fact another law enforcement officer who provided information based on a Title III wiretap. Gordon then filed a motion to suppress, arguing that he was entitled

to a so-called *Franks* hearing to examine Detective Minton and argue for suppression on the basis of the alleged material misrepresentations—i.e., that Gordon had made the necessary threshold showing (1) that Detective Minton's references to a "confidential source" were intentionally or recklessly misleading, and (2) that those misrepresentations were material to the issuing judge's finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 156 (1978).

The District Court disagreed and denied Gordon's motion, concluding that even if Detective Minton's statements were intentionally misleading, those statements were not material to a finding of probable cause. [1] Gordon now appeals.

## II.   Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction to review its final order under 28 U.S.C. § 1291. We exercise plenary review over a district court's denial of a motion in support of a *Franks* hearing where, as here, the district court makes a probable cause ruling based on facts contained in a warrant affidavit. *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006) (citing *United States v. Ritter,* 416 F.3d 256, 261 (3d Cir. 2005)); *see also United States v. Martin,* 426 F.3d 68, 74 (2d Cir. 2005) ("Whether the untainted portions [of an affidavit] suffice to support

---

[1] While the District Court did not issue any written findings in relation to Gordon's motion to suppress or request for a *Franks* hearing, the record is sufficiently clear that we may "extract findings from [the court's] oral decision at the hearing." *In re Application of Adan*, 437 F.3d 381, 396 (3d Cir. 2006).

a probable cause finding is a legal question, and we review the district court's ruling on that question *de novo*.") (internal quotation marks omitted).

## III. Discussion

On appeal, Gordon argues that the District Court erred in two ways. First, he contends that the District Court should have addressed both prongs of the *Franks* analysis and should not have denied him a hearing on the basis of materiality alone. Second, he challenges the District Court's conclusion that any misleading statements were immaterial to a finding of probable cause. Both arguments are unavailing.

In *Franks v. Delaware*, the Supreme Court held that the Fourth Amendment entitles a criminal defendant to an opportunity to overcome the presumption of validity of an affidavit of probable cause by proving both (1) that the affidavit contained "a false statement [made] knowingly and intentionally, or with reckless disregard for the truth," and (2) that once the allegedly false statement is removed, the remainder of the affidavit "is insufficient to establish probable cause." 438 U.S. at 156. In recognition of the countervailing interests in promoting finality and judicial efficiency, the Court established a two-step procedure for a defendant to prevail on a motion to suppress on the basis of an alleged false statement: first, the defendant must make a "substantial preliminary showing" with respect to both *Franks* elements to warrant a hearing, *id.* at 155-56, and, second, at that hearing, the defendant must carry his ultimate burden of proving both elements, *id.* at 172.

In view of this framework, we may dispose quickly of Gordon's first argument, which appears to be that the District Court erred by assuming, instead of deciding, that the affidavit contained deliberate false statements before denying a *Franks* hearing on the ground that those statements were not material to the finding of probable cause. There is simply no requirement in *Franks* that a district court decide both deliberate falsehood and materiality before denying a defendant a *Franks* hearing; rather, the burden is on the defendant to make the requisite preliminary showing that he can satisfy both prongs to be entitled to such a hearing. *Id.* at 171-72. Thus, if a district court determines the defendant has failed to make that showing with respect to either prong, there is no need for the court to proceed any further for the defendant then is not entitled to a hearing, much less suppression.[2] *Id.* That was the case here, and the District Court, having concluded that Gordon failed in any event to make the threshold showing as to materiality, did not err by declining to reach whether the statements in question were deliberately false.[3]

---

[2] To the extent Gordon contends that even a "minor" misrepresentation warrants a *Franks* hearing, Appellant's Br. 26, he misapprehends *Franks'* holding that a defendant must first show that a misrepresentation is material before he is entitled to a hearing.

[3] Gordon's reliance on *Sherwood v. Mulvihill*, 113 F.3d 396 (3d Cir. 1997), for the proposition that a district court must address both prongs of the *Franks* analysis, is misplaced. In *Sherwood*, a case brought under 42 U.S.C. § 1983, appellees conceded that the affidavit in question was "partially false" and the first prong of the *Franks* test was satisfied. *Sherwood*, 113 F.3d at 398. Nevertheless, we affirmed the district court's grant of summary judgment in their favor because the appellant had not shown that any misrepresentations in the warrant affidavit were material. *Id.* at 402. Thus, even if we accept Gordon's contention that the facts in *Sherwood* are similar to the facts here, our analysis in *Sherwood* has no bearing on the instant case and, if anything, supports the

Nor do we perceive any error in the District Court's conclusion that the allegedly misleading statements in Detective Minton's affidavit were immaterial to a finding of probable cause. In order to satisfy the second prong of the *Franks* test, the defendant must prove by a preponderance of the evidence that once the false statement is excised, the remaining allegations set forth in the affidavit do not establish probable cause. *United States v. Yusuf*, 461 F.3d 374, 384 (3d Cir. 2006). The question is whether after considering the "totality of the circumstances," there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This determination does not require "absolute certainty" that evidence of criminal activity will be uncovered, but only that it is "reasonable to assume" that the requested search will lead to the discovery of the sought-after evidence. *Yusuf*, 461 F.3d at 390.

Considering the substance of the affidavit without reference to Detective Minton's "confidential source," we agree with the District Court that the combination of Gordon's prior conviction for heroin distribution, Agurs' reputation as a heroin dealer, the heroin discovered in Agurs' pocket shortly after the one-minute ride around the block with Gordon in Gordon's car, the drug sniffing dog's positive identification for drugs on the driver's side door of Gordon's car, and Detective Minton's personal observation of the two additional interactions between Gordon and Agurs, established a "fair probability"

Government's position that Gordon's claim is meritless because he cannot make the showing of materiality that *Franks* requires.

that evidence of heroin distribution would be discovered in a search of Gordon and his car.  Gordon thus did not make the "substantial preliminary showing" of materiality necessary to warrant a *Franks* hearing.  *See United States v. Stearn,* 597 F.3d 540, 557, 562 (3d Cir. 2010) (identifying the use of prior arrests or convictions for drug offenses and "activity evocative of drug dealing" as supportive of probable cause to search for evidence of a narcotics offense); *cf. Florida v. Harris*, 133 S. Ct. 1050, 1058 (2013) (stating, in the context of a probable cause hearing regarding a drug dog's reliability, that "[i]f the State has produced proof from controlled settings that a dog performs reliably in detecting drugs, and the defendant has not contested that showing, then the court should find probable cause").

At certain points in his brief, Gordon characterizes Detective Minton's reference to a "confidential source" as a misleading omission rather than as an affirmative misrepresentation, but that characterization only strengthens our conclusion that Detective Minton's reference to a "confidential source" was not material.[4]  In the case of a misleading omission, as we recently observed, the proper course would be for the District Court to "identify any improperly . . . omitted facts" and "perform a word-by-word reconstruction of the affidavit" to include those facts.  *Dempsey v. Bucknell Univ.*, No. 15-1328, 2016 WL 4434400, at *7 (3d Cir. Aug. 22, 2016).  But here, as even

---

[4] In his motion to the District Court, it appears that Gordon argued that Detective Minton's reference to a "confidential source" was both a materially false statement and a material omission.  Thus, we reject the Government's waiver argument, but nonetheless conclude that whether the statement is characterized as a misstatement or an omission does not affect the outcome of this case.

8

Gordon concedes, if a court were to reconstruct the affidavit to eliminate any mention of a "confidential source" and to state instead that Detective Minton's source of information was another law enforcement official who had listened to a Title III wiretap, the evidence in support of probable cause would only be more reliable. *See Yusuf*, 461 F.3d at 384-85 (stating that "informants are not presumed to be credible" but "information received from other law enforcement officials during the course of an investigation is generally presumed to be reliable"). In sum, whether viewed as an affirmative misstatement or as a misleading omission, Detective Minton's reference to a "confidential source" was not material.

Gordon argues, nonetheless, that he is entitled to a *Franks* hearing because the District Court evaluated probable cause by considering not only the evidence set forth in Detective Minton's affidavit, but also other information known to that Court as a result of the broader Title III investigation. Nothing in the record supports that conclusion. Indeed, the statement by the District Court on which Gordon relies for this argument— that the District Court "believe[d] that there was probable cause in the four corners of the warrant to search, even if one excludes the confidential informant's last wiretap information"—is directly to the contrary. Appellant's Br. 18. In any event, we have conducted a plenary review of the District Court's determination as to materiality and also conclude that the factual allegations in the affidavit, even excluding the references to the "confidential source," were sufficient to establish probable cause.

## Conclusion

For the foregoing reasons, we will affirm the order of the District Court denying Gordon's motion to suppress.