**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4344
_____

GARRETT COLLICK; NOAH WILLIAMS;
NANCY WILLIAMS

v.

WILLIAM PATERSON UNIVERSITY; KATHLEEN M. WALDRON;
ROBERT FULLEMAN; ELLEN DESIMONE; WILLIAM PATERSON
UNIVERSITY POLICE DEPARTMENT; JOHN DOES 1-20,
(names fictitious as presently unknown), employees, representatives,
and/or agents of defendant WILLIAM PATERSON UNIVERSITY POLICE
DEPARTMENT; JANE DOES 1-20, (names fictitious as presently unknown),
employees, representatives, and/or agents of defendant WILLIAM PATERSON
UNIVERSITY POLICE DEPARTMENT; JOHN SMITH 1-5, (names fictitious as
presently unknown), employees, representatives, agents, and/or spokespersons of
defendant WILLIAM PATERSON UNIVERSITY; JANE SMITH 1-5, (names fictitious
as presently unknown), employees, representatives, agents, and/or spokespersons of
defendant WILLIAM PATERSON UNIVERSITY,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-00471)
District Judge: Hon. Kevin McNulty
_____

Argued: October 3, 2017
_____

Before: SHWARTZ and ROTH, Circuit Judges, and PAPPERT, District Judge.[*]

_____

[*] Honorable Gerald J. Pappert, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Matthew E. Beck, Esq.                    [**ARGUED**]
Jeffrey S. Chiesa, Esq.
Ronald L. Israel, Esq.
Chiesa Shahinian & Giantomasi
One Boland Drive
West Orange, NJ 07052

     *Counsel for Appellants*


Michael J. Epstein, Esq.                 [**ARGUED**]
The Epstein Law Firm
340 West Passaic Street
Rochelle Park, NJ 07662

     *Counsel for Appellees*


_____

OPINION[**]

_____


    ROTH, Circuit Judge.

    Jane Doe reported to William Paterson University ("WPU") Police that her WPU classmates, Plaintiffs Garrett Collick and Noah Williams, sexually assaulted her.[1] Based on this report, Defendant Detective Sergeant Ellen DeSimone obtained warrants to arrest Plaintiffs. A grand jury declined to indict them, but WPU nonetheless expelled them. Plaintiffs filed a twenty-one count complaint, alleging violations of Title IX of the

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The complaint refers to the student as Jane Doe to protect her privacy.

2

Education Amendments Act of 1972, the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983, the New Jersey Law Against Discrimination, and the New Jersey Constitution, and asserting several common law tort and contract causes of action. Defendants[2] removed the complaint from state to federal court and then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants argued that DeSimone was entitled to qualified immunity on the Fourth Amendment claim and that various Defendants were entitled to qualified immunity on the procedural due process claim.[3] The District Court denied qualified immunity with respect to the Fourth Amendment claim, concluding that the facts as alleged did not permit the Court to conclude that Defendants did not violate a clearly established right. The District Court did not rule on the request for qualified immunity on the procedural due process claim.[4]

---

[2] The Defendants are William Paterson University; Kathleen M. Waldron; Robert Fulleman; Ellen DeSimone; William Paterson University Police Department; John Does 1-20, employees, representatives, and/or agents of Defendant William Paterson University Police Department; John Smith 1-5, employees, representatives, agents, and/or spokespersons of Defendant William Paterson University; Jane Smith 1-5, employees, representatives, agents, and/or spokespersons of Defendant William Paterson University. Because DeSimone is the only named Defendant from the WPU Police Department involved in the warrant application process, we refer to her with respect to Defendants' assertion of qualified immunity from Plaintiffs' Fourth Amendment claims.

[3] Contrary to Defendants' argument, their briefs in support of the motion to dismiss did not adequately apprise the District Court that they sought qualified immunity on the equal protection claim.

[4] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Because Defendants contend that the District Court committed legal error in the manner in which it defied the constitutional right at issue, namely by allegedly failing to identify the right with sufficient specificity, we may exercise appellate jurisdiction over this interlocutory order pursuant to the collateral order doctrine. *George v. Rehiel*, 738 F.3d 562, 570-71 (3d Cir. 2013); *see also Mammaro v. N.J. Div. of Child Prot. & Permanency*,

We have reviewed the pleadings and heard oral argument. We agree with the District Court's conclusion that it could not grant qualified immunity to DeSimone on the Fourth Amendment claim.[5] Our Fourth Amendment jurisprudence establishes that DeSimone's entitlement to qualified immunity depends on the objective reasonableness of her actions at the time she applied for the arrest warrants.[6] Deciding whether DeSimone acted reasonably requires a determination of facts concerning what DeSimone knew when she sought the warrant and whether that knowledge would have caused a reasonable officer to investigate further. To resolve that issue, we need more facts. Accepting as true the complaint's allegations regarding the purportedly cursory investigation conducted by DeSimone, we, like the District Court, are unable to "hold, without a factual record, that [her] behavior was reasonable."[7] Discovery may show that DeSimone acted reasonably in not taking any further investigative steps after receiving the Doe's report or that DeSimone made no material omissions in the application for the arrest warrants;[8] or it may not. Because such facts were not available to the District

---

814 F.3d 164, 168-69 (3d Cir. 2016) (in exercising jurisdiction over denial of motion to dismiss on qualified immunity grounds, court noted that plaintiff's articulation of the right at issue was "too broad for purposes of qualified immunity").

[5] Since no named Defendant is alleged to have been involved in only executing the arrest warrants, we do not decide whether the officers would be entitled to qualified immunity based on their reliance on the warrants.

[6] *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000); *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000); *Showers v. Spangler*, 182 F.3d 165, 171-72 (3d Cir. 1999). *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002).

[7] *Collick v. William Paterson Univ.*, 2016 WL 6824374, at \*15 (D.N.J. November 17, 2016).

[8] *See Wilson*, 212 F.3d at 786-87 ("[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless

4

Court or to us, we will affirm the District Court's denial of qualified immunity without prejudice to Defendants' reasserting motions for summary judgment at a later time if further discovery indicates that the qualified immunity defense bars Plaintiffs' Fourth Amendment claim.

The parties agree that the District Court did not address Defendants' request for qualified immunity on Plaintiffs' procedural due process claim. On this claim as well, Defendants' motion is premature. Defendants essentially argue that they would be entitled to qualified immunity if the Plaintiffs had not deliberately omitted material facts from their complaint about the university disciplinary proceedings that resulted in their expulsions.[9] But the burden of pleading qualified immunity as an affirmative defense "rests with the defendant[s], not the plaintiff[s]."[10] Indeed, under the Federal Rules of Civil Procedure, "a plaintiff has no pleading burden to anticipate or overcome a qualified immunity defense, and a mere absence of detailed factual allegations supporting a

_____

disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997))).

[9] Appellants' Br. at 27 ("Plaintiffs' broad-brush complaints about alleged deficiencies in the disciplinary process are contradicted by the facts Plaintiffs affirmatively chose to exclude from the Complaint."); *id.* (describing other allegations in the complaint about the disciplinary proceedings as "unsubstantiated"); Defs.' Mot. to Dismiss at 24-25 (same).

[10] *Thomas v. Indep. Twp.*, 463 F.3d 285, 293 (3d Cir. 2006) ("[A] plaintiff need not plead allegations relevant to an immunity claim in order to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"); *see also Reedy v. Evanson*, 615 F.3d 197, 223 (3d Cir. 2010) (burden of establishing qualified immunity on summary judgment rests with defendants).

5

plaintiff's claim for relief under § 1983 does not warrant dismissal of the complaint or establish defendants' immunity."[11]

Defendants' attempts to obtain qualified immunity by rebutting or supplementing the allegations in Plaintiffs' complaint are improper at this stage of the proceedings. We will remand to the District Court the request for qualified immunity on Plaintiffs' procedural due process claim.[12] This remand is also without prejudice to the Defendants' reasserting a motion to dismiss the equal protection claim on qualified immunity grounds at a later time.

---

[11] *Thomas*, 463 F.3d at 289.

[12] Although in *Thomas* we held that it is "appropriate" for the District Court to order a more definite statement in these circumstances, our rationale for directing such a statement was to protect the defendants from the burdens of discovery and "to facilitate an early resolution of the qualified immunity issue." *Id.* at 301-02. Those rationales for requiring a more definite statement do not necessarily militate in favor of requiring one here, as we agree with the District Court that qualified immunity as to Plaintiffs' § 1983 claims must be resolved after discovery. Accordingly, any outstanding disputes between the parties regarding the pleadings are best resolved by the District Court on remand.